MATHEWS v. THE CITY OF CEDAR RAPIDS *et al.*

1. **Personal Injury:** OPEN AREA IN SIDEWALK: CONTRIBUTORY NEGLIGENCE: INSTRUCTION. Under a well-lighted and attractive show window in a city, there was an open area way, about five and a half feet long and fifteen inches wide, extending about five inches of its width into the sidewalk, and the other ten inches under the building, whose wall over the opening was about three feet above the level of the walk. Plaintiff, while passing by, was attracted to the window, and fell into the opening, and was

| 80 | 459 |
| 88 | 24 |
| 88 | 523 |
| 80 | 459 |
| 91 | 48 |
| 80 | 459 |
| 94 | 264 |
| 80 | 459 |
| 95 | 756 |
| 80 | 459 |
| 97 | 656 |
| 98 | 289 |
| 99 | 298 |
| 80 | 459 |
| 104 | 142 |
| 80 | 459 |
| 107 | 604 |
| 80 | 459 |
| 109 | 222 |
| 80 | 459 |
| 112 | 161 |
| 80 | 459 |
| 123 | 100 |

Mathews v. The City of Cedar Rapids.

injured. In an action against the owner of the building and the city, plaintiff's testimony showed that by looking he could plainly have seen the opening. The court instructed, on the subject of contributory negligence, that it was plaintiff's duty to "use his eyes, and look where he was walking, and avoid all obstacles which were dangerous in their character, and which were plainly visible, and not obscured." *Held* that the instruction was erroneous, because, when taken in connection with plaintiff's own testimony, it was equivalent to a holding, as matter of law, that he was guilty of contributory negligence, whereas that was a question for the jury, to be determined from all the facts in the case; since it is certain that, under the facts, different minds might reasonably reach different conclusions as to whether plaintiff did not take all the care that was required of him as a reasonably prudent man, under the circumstances. (See opinion for cases followed and distinguished.)

2. ———: ———: EVIDENCE: FORMER ACCIDENTS. In such case, under the rule of *Hudson v. Railway Co.*, 59 Iowa, 581, evidence that other parties had previously fallen into the same opening, and that the owner of the building had been informed of the fact, was inadmissible.

3. Appeal: NO REVERSAL FOR APPELLEE. Where there was judgment for both defendants for costs, and plaintiff alone appealed, this court cannot say that upon the undisputed facts one of the defendants is in no event liable, since that question was not passed upon by the trial court, and is not raised by plaintiff's assignments of error.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

FILED, JUNE 3, 1890.

ON the evening of October 5, 1888, the plaintiff was walking along Second street, in the defendant city, and was injured by falling through the walk close to and in front of a store-building owned at the time by defendant Mansfield. The opening through which plaintiff fell is a part of what is known as an "area way," quite common in cities, and designed to admit light and air to the basement. It was about five and one-half feet in length, and about fifteen or sixteen inches in width. The length of the opening was along the front of the building. Of the width of the opening, about five

inches was in the street or sidewalk proper; the balance of the width being back of the lot line, and, in a sense, under the building. That is, the construction of the window of the building is such that its base is some three feet above the level of the walk, and over the part of the opening not in the sidewalk. The depth of the opening or hole into which the plaintiff fell is about nine feet. The opening, being in the area way, was not a part of the walk used in passing along the street. The opening in question was in front of a large show window brilliantly lighted with electric lights, and in which was an attractive display of goods. It was to observe this display that the plaintiff turned from his course along the walk, and, going to the window, fell through the opening. A more minute description of the surroundings need not be given. Plaintiff seeks to recover because of the negligence of the defendants in the construction of the walk or area way. For the purposes of our consideration, the answers may be regarded as denials, barring, perhaps, some admissions of defendant Mansfield, which may be noticed in the opinion. There was a verdict and judgment for the defendants, and the plaintiff appeals.

*Hormel & Harrison*, for appellant.

*C. J. Deacon*, *I. N. Whittam* and *Mills & Keeler*, for appellees.

GRANGER, J.—I. An exception is taken to instruction number 10 given by the court; and we first notice that, as it seems to be the principal "bone of contention" in the case. Before quoting the instruction, it is proper to say it is undisputed in the case that the opening through which plaintiff fell was in full view of one approaching the window, and if plaintiff, as he approached the window, had looked for defects at that place, he must have seen it. It may be said as a fact in the case that, after he turned to go to the

1. PERSONAL injury: open area in sidewalk: contributory negligence: instruction.

window he went until he fell, without any thought as to danger, looking only at the attractions in the window. In view of these facts, the court gave the following instruction: "10. Plaintiff had the right to pass along said street, and it was the duty of plaintiff, in passing along said walk, to act as an ordinarily prudent man would, and walk as an ordinarily prudent man would walk. *He must use his eyes, and look where he was walking, and avoid all obstacles which were dangerous in their character, and which were plainly visible, and not obscured.* He must act carefully and prudently, considering all the circumstances surrounding him. If he did so, and met with an accident which was caused by the negligence of the defendants, then he can recover for the damages sustained. If he did not use such care and prudence, and met with an accident, then he cannot recover, although the defendants may also be negligent."

The precise complaint is made to the italicized portion of the instruction. After a careful consideration of the authorities cited, and the reasoning given in its support, we think it erroneous. The instruction has reference to the contributory negligence of the plaintiff; and, if the italicized portion is omitted, the instruction seems to express very fairly the rule as to such negligence. *Rusch v. City of Davenport*, 6 Iowa, 443; *Cotes v. City of Davenport*, 9 Iowa, 227; *Little v. McGuire*, 43 Iowa, 447. The rule is of almost universal recognition. It is now proper to inquire to what extent the italicized portion would affect or change the rule. We think, reduced to fewer words, the instruction means this: A person walking on a public street must, to avoid accidents, act as a reasonably prudent and careful man would act, considering all the circumstances surrounding him. He must look where he is walking, and avoid all obstacles which are dangerous and plainly visible. The conclusion from the instruction is that a reasonably prudent man will avoid all obstacles in his pathway that are plainly visible. The

effect of the instruction, then, was to say to the jury that, if the opening into which the plaintiff fell was plainly visible, he could not recover; and a further effect was to determine the case, for the plaintiff admitted in his testimony that by looking he could plainly see the opening, and as a consequence the question was made one of law, and not one of fact for the jury. It is true the question of negligence is sometimes one of law, but it is not at all times, and the rule to determine the question is: If, from the undisputed facts, but one conclusion can reasonably be drawn, then the question is one of law; but if, under the facts, different minds might reasonably reach different conclusions, it is a question of fact for the jury. *Milne v. Walker*, 59 Iowa, 186; *Whitsett v. Railway Co.*, 67 Iowa, 150. See, also, *Bennett v. Insurance Co.*, 39 Minn. 254; 39 N. W. Rep. 488; *Railway Co. v. Watson*, 15 N. E. Rep. (Ind.) 824; *Barnes v. Sowden*, 12 Atl. Rep. (Pa.) 804.

Then to the test: The plaintiff was passing along a well-lighted street. A brilliantly lighted show window, with an attractive display of articles, arrested his attention. He turned, and approached the window. There was nothing above the surface of the walk to obstruct his approach or indicate danger. Would all reasonable minds concur in the opinion that in approaching such a window a person must so far anticipate danger as to look where he walks, to know if there are openings into which he might step? In this case the plaintiff turned, and walked with his eyes constantly on the exhibits in the window, and did not see the opening until he fell. Would all say that in so doing he was negligent? In observing the articles, he was answering the manifest design of their being placed there. As placed, they were a standing invitation to passers-by to view them. With nothing above the surface of the walk to prevent, would all persons agree that it was unreasonable for one to believe that the invitation was to come near and see, and that for such a purpose the way was safe? Is it the rule that persons

passing along the walk in a city must keep such a look-
out as to know if there are openings through which they
might step, and that it is negligence, as a matter of law,
not to discover one that is plainly visible by one observ-
ing where he is walking? It is admitted that it may be
as a question of fact; but is it as a matter of law? Such
observation is not the experience of persons in general.
They assume, as we think they have a right to, that the
walks are made without such defects, and observations
generally are as to the obstructions, or what may be
encountered above the surface, as boxes or displays of
goods on the walk. If one should shut his eyes and
walk along the street, and meet with an accident, all
might say he was negligent because of such fact. But
if he walked with eyes open, observing his general
course, in the usual manner, with a like result, although
he might be negligent as a matter of fact, the law would
not determine him so. The rule of the instruction
makes no allowance for the attention being attracted to
other things, but is fixed and unalterable, and not in
harmony with that announced in *Murphy v. Railway
Co.*, 38 Iowa, 539, and *Messenger v. Pate*, 42 Iowa, 443.

Appellees cite with much confidence the case of
*Yahn v. City of Ottumwa*, 60 Iowa, 429, to support the
instruction given; but there is a clear distinction. In
that case the plaintiff and his wife were just starting
with their team on a street in the defendant city, when
the wheel of the wagon struck a stone; and the wife
was injured by falling from the wagon. The court
refused an instruction to the effect that "it was the
duty of the plaintiff's husband to use care in driving,
and look where he was driving, and to avoid all
obstacles which were dangerous in their character, and
which were plainly visible, and not obscured; and if he
failed to do so, and the plaintiff was thereby injured,
then she cannot recover." This court held that the
instruction asked, or some other applicable to the view
of the facts stated, should have been given, and said:
"When an obstruction is in the street, in plain view of

the driver of a vehicle, and his attention is in no manner diverted so as to excuse him for not seeing the obstruction, and he drives against it or into it, he is clearly guilty of contributing proximately to any injury which may result." It was a case of an obstruction on the surface of the street, against which there is no presumption. All persons know that temporary obstructions occur on streets and sidewalks; and it is not an unreasonable rule to hold that if in plain sight, and there is nothing to divert the attention of the traveler, he must notice them. The distinction is this: Such obstacles as are known to be present—as, for instance, boxes and barrels on a sidewalk, and vehicles, building material and rubbish in the street—challenge the attention of the traveler; and if, without excuse, he fails to observe them, and encounters them to his injury, the judgments of men would agree that he was negligent. But matters which he may not anticipate, as likely to occur, do not challenge such attention; and a failure to observe and avoid them is not, as a matter of law, negligence. It is also true that what might, as a matter of law, be diligence on a sidewalk, would not be in driving a team on a public thoroughfare in a city. Greater watchfulness to avoid accident in the latter case is certainly demanded, and for manifest reasons.

From the cases cited, and the reasoning of counsel for appellees, it is quite clear they do not regard the case as one in which the effect of the instruction was to hold, as a matter of law, that the plaintiff was negligent. But, as we have stated, such is the effect, because the facts are undisputed; and our holding is only that the instruction is erroneous because of such effect. The two special findings to the effect that the light was sufficient to enable a person to see the opening, and that, if plaintiff had looked, he could have seen it, do not change the result; for we have considered the case upon the theory of such being the facts. The plaintiff's testimony settled such facts, and special findings were not necessary. Under the rule of the instruction,

"ordinary and reasonable care" required the plaintiff to see the opening, as it was plainly visible; and that part of the special finding is without force.

II.   Plaintiff offered evidence to the effect that other parties had fallen into the same opening before the plaintiff, and that defendant Mansfield had been informed of the fact. The evidence was refused, and the refusal is made a ground of complaint. The ruling seems to be sustained in *Hudson v. Railway Co.*, 59 Iowa, 581. If it was an original question in this court, some of its members might incline to a different view. There is a decided conflict of authorities on the question.

2. ——:——: evidence: former accidents

Some other questions, as to admitting and excluding testimony, are presented, and it seems to us the court must, in some cases, have been governed in its rulings by its view of the law as to the obligation of the plaintiff to see the opening, and with that view were correct. With the view of the law as expressed in this opinion, that the question is one of fact, we have no reason to think the admission of testimony will not be in harmony with the law; and it is unnecessary to notice the numerous questions presented.

III.   On behalf of the defendant city, it is urged that in any event it is not liable, because the injury occurred off the usual traveled walk which the city was required to keep in repair, etc. If we concede that, under the unquestioned facts, there is really no cause of action against the city, we do not see, under the state of the record, how we can make orders to that effect. Plaintiff alone appeals. The questions for us arise on his assignments, and they are only as to the admission of testimony and the instructions of the court. If such question had been presented to the court below, and ruled upon, it would have been a basis for an assignment and ruling here. The judgment is                                REVERSED.

3. APPEAL: no reversal for appellee.