ELI LICHTENBERGER, Appellant, v. THE INCORPORATED TOWN OF MERIDEN.

1 **Negligence:** DIRECTING VERDICT—WHEN IMPROPER. Where different conclusions may reasonably be drawn from undisputed facts, the question of negligence is for the jury. Rule in *Meyer v. Houck*, 85 Iowa, 319, 52 N. W. Rep. 235, construed and applied. *Wand v. Polk County*, 88 Iowa, 617, 55 N. W. Rep. 528, *followed*.

2 RULE APPLIED. Case where a city permitted a three foot cellar way to remain open and without permanent guards in a nine foot sidewalk, to plaintiff's knowledge.

4 **Contributory Negligence.** Whether one, who, knowing that such opening is near him, steps aside on the walk to let a person who jostles him pass, and, forgetting the opening, then falls into it, is guilty of contributory negligence, is a jury question. *Greenleaf v. Railroad*, 33 Iowa, 53; *Kendall v. City*, 73 Iowa, 242, 34 N. W. Rep. 833, *followed*. *McLaury v. City*, 54 Iowa, 717, 7 N. W. Rep. 91; *Alline v. City*, 71 Iowa, 654, 33 N. W. Rep. 160; and *Dale v. County*, 76 Iowa, 371, 41 N. W. Rep. 1, *distinguished*.

*Appeal from Cherokee District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

TUESDAY, MAY 15, 1894.

ACTION to recover for injuries sustained by falling into a cellar way in one of defendant's sidewalks. At the conclusion of the introduction of evidence on behalf of the plaintiff, defendant moved for a verdict upon the grounds that the evidence showed that defendant was not guilty of negligence in respect to the matter complained of, and that it showed affirmatively that the plaintiff was guilty of contributory negligence to such an extent as that he is not entitled to recover. The motion was sustained, a verdict for the defendant, and judgment entered thereon. Plaintiff appeals.—*Reversed.*

*David H. Bloom* and *E. C. Herrick* for appellant.

*Argo, McDuffie & Reichmann* for appellee.

GIVEN, J.—I. The single question presented is whether the court erred in directing a verdict for the defendant. The burden was upon the plaintiff to show that the defendant was guilty of the negligence charged, and that he was free from negligence contributing to cause the injuries complained of. In *Meyer v. Houck*, 85 Iowa, 319, 52 N. W. Rep. 235, this court announced the rule as follows: "Our conclusion is that, when a motion is made to direct the verdict, the trial judge should sustain the motion when, considering all the evidence, it clearly appears to him that it would be his duty to set aside a verdict when found in favor of the party upon whom the burden of proof rests." The following facts are shown by the evidence without conflict. The accident occurred May 6, 1891, between 9 and 10 o'clock A. M., on Eagle street, in front of the store

of Mr. Prescott. Some two or more years previous, Mr. Prescott constructed an entrance from the public sidewalk to the cellar under his store. The opening was about four feet, five inches by four feet, three, with steps to the cellar, and covered by a door hinged to the building, which, when closed, was level with, and formed a part of, the sidewalk. The sidewalk was about nine feet wide, leaving an unobstructed passage of five feet between the opening and the curb. There was no permanent railing or guard about this cellar way, but, when left open, boxes or other temporary guards were placed on the sides of the opening. The place thus guarded was often left open when not being used. Some time prior to the accident, the door had become unhinged, and, at the time of the accident, stood on one side of the opening, and on the other there was a box eighteen inches long, and a piece of board about two feet long, but nothing in front. The plaintiff was a resident of the town, with a place of business on the opposite side of Eagle street, in plain view of the place of the accident, and was familiar with the location and construction of the cellar way and the manner in which it was kept. As plaintiff went upon the sidewalk immediately previous to the accident, he said: "When I first looked down from the bank, I noticed the box and cellar door, or something leaning against the corner of the house, but after that I paid no attention to it. I did not know the cellar was open. I don't know whether it was the cellar door, or whether it was a goods box set up against the corner of the building. I noticed something; just did notice it, and that was all. I didn't think anything about it." Plaintiff stood upon the walk in front of the open cellar way, with his face to the street, alongside of Mr. Pierce and his little boy, talking to a man in the street, and watching

his shop across the way, which he had left without any one in attendance. "Prescott came along, and crowded in between us, and I stepped back to let Prescott pass us. I landed in the cellar. At the time I stepped back, I did not know the cellar was open." He further testified that there was nothing to prevent him from seeing that the cellar way was open, and that he does not think he looked or thought about it.

II. "When the whole testimony in a case, and all legitimate inferences that can be drawn therefrom show that the injury complained of occurred by reason of the want of ordinary care, the question of negligence is one for the court." *Waud v. Polk Co.*, 88 Iowa, 617, 55 N. W. Rep. 528. In view of the duty of the defendant to keep its sidewalks that were open to public travel in a reasonably safe condition, and the evidence as to the location and construction of said cellar way, the manner in which it was kept, and the opportunities of the defendant's officers, charged with the care of its walks, to know the facts, we think it was for the jury to determine whether the defendant was negligent as charged. Certainly, different conclusions may be drawn by different persons from the undisputed facts; therefore it can not be said, as a conclusion of law, that the defendant was or was not negligent. *Mathews v. City of Cedar Rapids*, 80 Iowa, 463, 45 N. W. Rep. 894. The question of defendant's negligence was one of fact, and for the jury.

III. The facts as to plaintiff's knowledge of the cellar way, his opportunity of seeing it, and his actions are unquestioned. It is evident that he failed to look, and failed to remember or think of the cellar way, at the time he stepped back into it; but the question remains whether, under the circumstances shown in the evidence, he was negligent in so failing to look back or remember. In *Greenleaf v.*

*Railroad Co.*, 33 Iowa, 53, the plaintiff's intestate, a
brakeman, when standing on a moving car, was struck
by a water-spout that hung too low.  He knew that the
spout was not in place; but this court held that the
question of his negligence was for the jury, and ap-
proved an instruction directing the jury to consider
the circumstances under which deceased was acting.
In *Kendall v. City of Albia*, 73 Iowa, 242, 34 N. W.
Rep. 833, the plaintiff, having knowledge of the alleged
defect in the walk, when within a few feet of it slipped,
but immediately partially or wholly recovered himself,
and stepped into the defect, and was injured.  This
court said:  "Now, we think it was for the jury to say
whether, under the circumstances, he was using due
care and caution.  The slip on the walk, may, in the
judgment of the jury, have diverted, for the moment,
his attention, and so as to the effect of the slip."  The
plaintiff was engaged in conversation with the man in
the street, and was watching his shop across the street.
It was for the jury to determine whether these facts
were sufficient to excuse him from looking at or remem-
bering the cellar way.  In this connection, see *Waud
v. Polk Co.*, and *Mathews v. City of Cedar Rapids, supra;
Stafford v. City of Oskaloosa*, 64 Iowa, 255, 20 N. W.
Rep. 174; *Ross v. City of Davenport*, 66 Iowa, 550, 24
N. W. Rep. 47; and *Troxel v. City of Vinton*, 77 Iowa,
90, 41 N. W. Rep. 580.  Appellee cites *McLaury v.
City of McGregor*, 54 Iowa, 717, 7 N. W. Rep. 91.  In
that case the plaintiff, while walking upon a reasonably
safe walk, fell from it into a ditch.  This court said:
"Now, it appears to us that where a person is walking
upon a sidewalk as wide as this one, and is in the
enjoyment of such degree of light, and such eyesight,
as to be able to discern it, and steps off by inadvertence
or want of attention, and receives an injury, such per-
son can not be said to be in the exercise of reasonable

care." In that case there was no defect in the sidewalk, as in this, nor was there any showing that the plaintiff's attention was in any way diverted. In *Alline v. City of Le Mars*, 71 Iowa, 654, 33 N. W. Rep. 160 (also cited), the plaintiff stepped from the walk. The court says: "She voluntarily, and without necessity for so doing, stepped from the walk without knowing she could do so with safety. She gives no explanation whatever why she stepped from the walk, which was her proper place." Here, again, there was no defect in the walk, and nothing to divert the plaintiff's attention. *Dale v. Webster Co.*, 76 Iowa, 371, 41 N. W. Rep. 1 (also cited by appellee), is a case where the deceased fell from a bridge because of the absence of a railing at a certain place, which fact he knew. This court said: "There was nothing to prevent his walking in the center of the roadway. He carried a lantern. There was nothing to divert his attention, unless it was the letter which he had been reading, and he read that with premeditation, necessarily." It also appeared that deceased had stumbled against the side of the bridge before reaching the place where he fell over,—a fact that should have put him on his guard. It was negligence for that man to walk on the side of the bridge, knowing what he did, and especially so if engaged in reading a letter by the light of his lantern; but it was not negligent for this plaintiff to stand upon the sidewalk. Whether he was negligent in stepping back when and as he did was a question for the jury. It follows, from the conclusions reached, that the judgment of the district court must be REVERSED.