HENRY M. TAYLOR v. WABASH RAILWAY COMPANY, Appellant.

**Contributory Negligence:**   JURY QUESTION.   Plaintiff was injured by a bolt which hung downward from the center of defendant's railroad bridge over a public highway.  There was a safe and ample driveway on each side of the center, which had been partly filled in to divert travel to the sides.  Plaintiff, who was familiar with the bridge, and knew of the existence of the bolt, which was in plain sight, had nothing but dump boards on the running gear of his wagon, and was standing as he approached the bridge.  Just as he reached it the wind lifted his hat from his head, the team meanwhile proceeding. Plaintiff stopped to recover his hat which had fallen on the wagon, but, unnoticed by him, his team had swerved to the center of the roadway, and as he raised up, not realizing he was under the projecting bolt, his head struck it. · *Held*, that the question of plaintiff's contributory negligence was for the jury.

**DEFENSE TO NEGLIGENCE:**   *Evidence*.   Where defendant, a railroad company, negligently constructed its bridge, crossing a public highway, so that travel under its center was obstructed by bolts hanging downward, and it was permitted to remain in that condition until plaintiff was injured thereby, while driving under it, it was not error to exclude evidence offered by defendant to show that piles driven by it to divert travel to the sides where there was a safe and ample driveway, had been removed by the city in which the highway was located, there being no claim that the city had no right to remove them.

**Special Interrogatories:**   HARMLESS ERROR.   The submission of an interrogatory requiring the jury to find whether "plaintiff was in the exercise of ordinary care and caution at the time he was injured" to which the answer "Yes" was returned, if erroneous on the ground that it called for a legal conclusion and not a fact, was harmless, where the jury also found a general verdict for the plaintiff.

*Appeal from Monroe District Court.*—HON. FRANK W. EICHELBERGER, Judge.

FRIDAY, OCTOBER 12, 1900.

THE petition, after alleging that defendant is a railway corporation, engaged in operating a line of road from Albia to Des Moines, proceeds as follows: "That defendant has been in the control and possession of said line of railroad from the year 1887; that it operated the road by running trains over it for about two years thereafter, when it ceased to use that part of said road within Monroe county, and did not resume operations thereon until in September, 1897; that about the year 1880, while said railroad was being constructed from Albia to Des Moines, and at a place where the same crosses what is known as the Albia and Eddyville Highway, in the northeast part of the city of Albia, a bridge was built over and above the said highway; that said bridge was negligently constructed, in that it was built too low where the same passes over the highway; that, after the defendant came into possession of said railroad as aforesaid, it permitted said bridge to remain in the same condition as when built, and after ceasing the operation of its trains over that part of the railroad, as aforesaid, it allowed the said bridge to become out of repair; timbers were taken out of the same where it crosses the highway, and bolts and rods were permitted to extend downward so as to strike persons driving under said bridge and along the said highway; that on, after, and prior to the fourth day of September, 1897, the defendant, as the possessor of said railroad, as aforesaid, and through its own negligence, suffered the said bridge to remain in the same condition as above stated; that on or about the fourth day of September, 1897, while the plaintiff was driving along said highway, under said bridge, he was struck violently on the head by a bolt or rod extending downward from said bridge and over said highway; that he was grievously and severely injured thereby; that he was damaged, in the way of necessary medical attendance, nursing, pain, and suffering, in the sum of $1,995. He states that at the time of receiving said injury he was in the exercise of or-

dinary care and caution and contributed in no manner to it; that he was injured wholly through the fault and negligence of defendant. Wherefore plaintiff asks judgment against defendant for $1,995, and costs of this action." Defendant admits owning the bridge, but denies that it was defective or dangerous, or that it was improperly constructed. Alleges that about the year 1881 it caused two piles to be driven in the roadway, so as to divert travel from under the center of the bridge, where plaintiff claims to have been hurt, and that upon each side of said center there was a safe and ample driveway. It is further averred that, in the year 1893, the city of Albia caused these piles to be removed, and filled up the roadway in the center under the bridge, and for this reason defendant asked that the city be made a party to the action. Further, it is charged that the accident occurred through the negligence of plaintiff. On March 24, 1898, defendant caused written notice to be served on said city of the pendency of the action, and demanded that it come into court and defend against plaintiff's claim. The city demurred to the paragraphs of the answer setting forth its alleged acts. The demurrer was overruled, because no relief was asked against the municipality. There was a trial to jury, and verdict and judgment for plaintiff. Defendant appeals.—*Affirmed.*

*T. B. Perry* for appellant.

*D. M. Anderson* and *L. T. Richmond* for appellee.

WATERMAN, J.—Two principal grounds of complaint are presented: (1) That defendant was not permitted to introduce evidence showing that the city had removed the piles driven to divert travel from under the bolts or rods that injured plaintiff; and (2) that plaintiff is shown to have been guilty of negligence. We take these matters up in their order.

It is virtually conceded that travel under the center of the bridge was always obstructed by these bolts hanging down from above, for in 1881 piles were driven to divert it to either side. The original construction, then, or the condition in which it was permitted for many years to remain, was negligent; for travelers were entitled to the use of the whole roadway which was open for travel. *Crystal v. City of Des Moines,* 65 Iowa, 502. There is no charge that the acts alleged to have been done by the city, or with its assent, were such as it had no right to do. Under these circumstances, we cannot see how such acts could in any way affect the liability of defendant in the action. The only matters we have to consider in this connection are whether defendant was negligent, and this negligence caused, or aided in causing, the injury to plaintiff. *Pratt v. Railway Co.,* 107 Iowa, 287; *Gould v. Schermer,* 101 Iowa, 582. These questions were properly submitted to the jury.

II. It is strenuously insisted that plaintiff was guilty of contributory negligence. The circumstances of the accident, briefly stated, are as follows: Plaintiff was familiar with the condition of the bridge, having driven under it frequently before he was hurt. On the occasion in question, he was going to town for a load of swill. He had only dump boards on the running gear of his wagon, with two barrels thereon. Plaintiff was standing beside the barrels as he approached the bridge. Just as the bridge was reached, a gust of wind lifted his hat from his head, the team meanwhile proceeding. Plaintiff stooped and recovered his hat, which had fallen upon the wagon, but, unnoticed by him, his team had swerved to the center of the roadway, and as plaintiff raised up, not realizing he was under the projecting bolt, his head struck it, and inflicted the injury for which he sues. There can be no dispute as to the general rule of law governing plaintiff's conduct. The bolt was in plain sight. He knew of its existence and condi-

tion, and it was his duty to use reasonable care in driving so as to avoid it. But, in determining the question whether he did exercise such care, all the facts must be considered, and it might well be said that the circumstances were such as to throw him off his guard, and excuse him for acting as he did. The question presented was clearly for the jury. *Laverenz v. Railroad Co.*, 56 Iowa, 689; *Artz v. Railway Co.*, 34 Iowa, 153; *Ross v. City of Davenport*, 66 Iowa, 548; *Mathews v. City of Cedar Rapids*, 80 Iowa, 459.

III. The court submitted this special finding to the jury: "Do you find that plaintiff was in the exercise of ordinary care and caution at the time he was injured?" The answer returned was, "Yes." It is claimed there was error in submitting this interrogatory, because it called for a legal conclusion, and not a fact. If this be true, there was certainly no prejudice, for the finding necessarily inheres in the general verdict. If the answer to this interrogatory is discarded, the verdict in plaintiff's favor will be in no wise affected. Defendant relies upon the case of *Home Ins. Co. v. Northwestern Packet Co.*, 32 Iowa, 223, to sustain his demand for a reversal on this point. In that case we held there was no error on the part of the trial court in refusing to submit an interrogatory calling for a conclusion from many facts; but there is a manifest distinction between holding that the trial court might have refused to submit such a question and that there was prejudicial error in so submitting it. If the interrogatory was improperly given the jury to answer, the procedure resulted in no conceivable harm to defendant.—Affirmed.