G. G. Jeck, Administrator, Appellee, v. McDougall Construction Company, Appellant.

No. 41727.

February 7, 1933.

Rehearing Denied June 21, 1933.

A. R. Strong, for appellant.

Swan, Martin & Martin, and David Loepp, for appellee.

Albert, J.—On the 5th day of September, 1930, between 7 and 8 p. m., Lester Woolsey was driving westward on the Lincoln Highway between Nevada and Ames in a model A Ford, with the lights on. At a point about a mile west of Nevada, his automobile collided with an asphalt mixer of the defendant, and he died as a result of such collision. The mixer is described as a machine for mixing and laying asphalt pavement. It was about 11 feet wide over all; the width on the outside of the two rear wheels being eight feet and three inches. There is what is known as a "cat walk" around the

sides of the machine which is about ten inches in width and between three and one-half and four feet up from the ground. The mixer was standing with all wheels on the pavement, and extended over the black or center line of the pavement from one and one-half to three feet. It traveled under its own power at the rate of about two and three-quarters miles per hour. It had been standing about thirty minutes at the time this accident occurred, and was stopped on the pavement for the purpose of putting on a spotlight. Defendant's testimony shows that it had a lantern hanging on the front and a red lantern on the rear of the machine, and three sparklers attached to the cat walk on the rear of the machine; one in the center, and one on each corner of the back.

Plaintiff's testimony all tended to show that at the time of the collision there were no lights on any part of the machine. It weighed from fifteen to sixteen tons. The deceased approached its rear from the east, and apparently, on discovering it, turned to the right-hand, or north side, in attempting to pass it, and struck the rear of the cat walk on the north side of the machine, wrecking the automobile and injuring Woolsey, from which injury he shortly died.

The defendant appealed and urged only one ground for reversal, in that it says the deceased Woolsey, as a matter of law, was guilty of contributory negligence, and therefore its motion for a directed verdict on that ground should have been sustained. It relies upon two propositions as showing contributory negligence, as follows:

1. That the deceased was negligent in attempting to pass the mixer on the north side, whereas section 5022, Code 1931, provides that a vehicle approaching from the rear shall pass to the left.

In addition to what has been heretofore said, the testimony shows that another automobile was approaching the mixer from the west, with its lights on, and was in the immediate vicinity of the mixer, on the south thereof, at the time of the collision. We think the situation thus created, so far as this question is concerned, was such that the jury might have found that the deceased was confronted with an emergency such as would excuse his turning to the right instead of to the left.

The second ground on which the defendant bases its contention is that the deceased did not have his car under control so as to stop the same "within the assured clear distance ahead".

The undisputed evidence shows that the deceased was driving his

automobile at a speed of 35 to 40 miles an hour, and had not slackened this speed at the time his car struck the mixer.

Section 5029, Code 1931, provides as follows:

"Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

This statute also has certain provisions which have no bearing on the question under consideration.

It is a well-settled rule in this state that a person rightfully driving on a highway has the right to assume that other persons using the same will obey the law. Jelsma v. English, 210 Iowa 1065, 231 N. W. 304; Hartman v. Red Ball Transportation Co., 211 Iowa 64, 233 N. W. 23. This principle of law must be taken into consideration in the determination of the question before us.

In Crowley v. Chicago, B. & Q. R. Co., 204 Iowa, 1385, 213 N. W. 403, 53 A. L. R. 964, we had a case involving the question of whether or not the driver of an automobile in approaching a railway crossing, where there was a signaling device, could rely wholly on that device to show due care on his part, and we there said (loc. cit. 1392 of 204 Iowa, 213 N. W. 403, 407):

"It is clear the presence and silence of such a signaling device cannot operate to entirely relieve one approaching the crossing from the duty to exercise due care."

It follows, therefore, under this principle, that the deceased could not wholly rely upon the failure of the defendant to have a tail-light on its machine and thus free himself of a charge of contributory negligence. Aside from his reliance on the law (see Code 1931, sections 5045, 5054, 5055-b2) which required the defendant to have a tail-light on its machine, he must also have additional evidence of due care on his part. But the evidence is in dispute as to whether there was a tail-light on defendant's machine, which makes that question a jury question.

Appellant's contention, however, is that the deceased did not have his car under control and was driving the same at a speed

greater than would permit him to bring it to a stop within the "assured clear distance ahead"; hence he was guilty of contributory negligence as a matter of law.

A careful reading of the record, however, shows that reasonable minds might disagree on this question, and, taking this into consideration, together with the fact situation in the case, we reach the conclusion that the question of contributory negligence was one for the jury.

Plaintiff also appealed in this case, but in view of the conclusion we reach, no further attention is given to his appeal.—Affirmed.

KINDIG, C. J., and STEVENS, EVANS, KINTZINGER, and UTTERBACK, JJ., concur.