R. D. KIMMEL, Appellee, v. GEORGE E. MITCHELL et al., Appellants.

No. 41520.

JUNE 20, 1933.

H. E. Miller, for appellants.

Strock, Sloan & Herrick and D. Cole McMartin, for appellee.

CLAUSSEN, J.—On the night of March 24, 1931, defendant Mitchell was driving a truck on the paved road between Dallas Center and Des Moines. The truck ran out of gas and the driver turned it somewhat onto the shoulder of the road. Just how much it was driven onto the shoulder, and just what the driver did after stopping the truck, in the way of making the presence of the truck ascertainable by one approaching from the rear, is in dispute. In any event, the driver ultimately left the truck and started on foot for Dallas Center, to secure a supply of gasoline.

The headlights and green lights on the front of the truck were left turned on by the driver and were lighted at the time of the accident, but the truck had been turned at an angle, as it was driven onto the shoulder, and the headlights created a "patch of light" in the field to the south of the road. The driver testified that before leaving the truck he polished the tail-light of the truck, and that it was visible more than a block away. But an occupant of a car going in the opposite direction, that passed the truck just an instant before the accident occurred, testified that he looked back

at the truck, and that there was no light on the rear end of the truck, and two witnesses testified that the single "reflector" on the rear end of the truck was covered with mud. One witness examined the tail-light, after the collision. He said that the tail-light was smashed, that he saw no glass on the ground from the tail-light, and that it looked like the bulb was missing entirely. There was evidence that the base of the bulb was in the tail-light socket.

There was a conflict in the evidence concerning the position of the truck. Some witnesses said the right front wheel of the truck was off the pavement, while at least one witness denied this. Likewise there was a conflict in the evidence as to whether the rear end of the truck extended beyond the center of the pavement. All witnesses agree that the truck was standing so that it angled toward the right.

Plaintiff was driving toward Des Moines. He states that his attention was attracted, just an instant before the collision, by the "patch of light" in the field, and that when he turned his eyes back to the road he observed the truck about 18 feet ahead of him; that he attempted to turn out to avoid colliding with it, but could not do so. Estimates of the speed of the plaintiff's car just before the accident range from 30 to 40 miles per hour, and plaintiff testified that he could have stopped his car, at the rate he was going, within 50 feet. He also stated that his headlights were in good condition and would show an object distinctly 75 or 100 feet ahead of him.

Plaintiff's car was quite completely demolished, and his claim for $220 for its destruction is sustained by the evidence. Plaintiff's age is not shown by the record. He received a cut over the right eye perhaps an inch or an inch and a quarter in length and half an inch deep. The little finger of the left hand was mashed and the nail grew black. His right knee was skinned. He testified at the time of the trial in October, 1931, that he had headaches almost constantly and that the right side of his scalp felt "like pins going through my scalp". He did not testify to any loss of earnings, nor was there evidence of the value of physician's services. He was treated, the night of the accident, in Dallas Center, where an artery that had been severed, was ligated and the wound bandaged. He was subsequently treated by another physician, who testified as follows:

"I treated him about 12 times. There is a scar above the eye. It is permanent to some degree, just how much it will be hard to say. The patient complained of headaches and the injury might produce headaches. Any injuries about the head may so injure the nerves that there might be continued headaches.

"He might step out of it entirely and not receive any particular pain at all from it in the future."

The jury returned a verdict against both defendants for $2.350 upon which the judgment was rendered, from which this appeal is taken.

Appellee urges that the assignments of error are omnibus in form, and calls attention to the fact that vague assignments of errors cannot be met with propositions relied upon for affirmance as required by the rules of this court. We have nevertheless examined the record and will briefly dispose of matters considered by both parties in argument.

■ I. At the close of plaintiff's case and after defendants had moved for a directed verdict, the court permitted him to file an amendment to his petition. The amendment made the pleadings conform to the proofs but did not raise any issue that was essentially new. In the exercise of discretion the trial court has power to permit such amendment to the pleadings. There was no abuse of such discretion in the instant case.

■ II. Appellants contend that the evidence fails to disclose any negligence on the part of the driver of the truck. The record has been quite fully, although not completely, set forth. It discloses a situation in which the jury could find that the driver of the truck simply walked away from the truck, leaving the rear end unlighted and in such a position that it completely obstructed one-half of the pavement. The record presents a jury question upon the matter of the negligence of the driver of the truck.

■ III. It is claimed that appellee was guilty of contributory negligence in not discovering the presence of the truck on the highway and in failing to drive his car at a rate of speed which would enable him to bring it to a stop within the assured clear distance ahead. It cannot be held, as a matter of law, that appellee's car was not equipped with proper lights and was not operated at a speed which would permit him to bring it to a stop within the assured clear distance ahead. The failure of appellee to timely dis-

cover and avoid colliding with the truck may have been due to the position in which the truck was parked on the highway and the diversion of attention caused by the light of the truck in the adjoining field. Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504.

The case as made presented a jury question on contributory negligence and such question was rightly submitted to the jury under proper instructions.

■ IV. The original petition alleged that the defendant Mitchell was the owner of the truck involved in the accident. The answer was a general denial. This put in issue the ownership of the truck. As a part of plaintiff's case in chief, the court permitted the introduction of the sales contract, by which the Iten Biscuit Company sold the truck to Mitchell, over the objection that it was immaterial to any issue on trial. The contract was clearly relevant and material to the question of the ownership of the truck. The contract contained a provision requiring the purchaser to carry insurance on the truck, but this did not render the contract inadmissible, especially in view of the general objection of immateriality.

■ V. Appellants complain because the court refused to instruct the jury that if the driver of the truck left the tail-light burning, he would not be chargeable with negligence, if some other person extinguished it. There was no evidence upon which such an instruction could be based, consequently there was no error in refusing to give it.

■ VI. It is urged that the verdict is excessive. Deducting the amount which could be allowed, under the pleadings, for loss of the car, the amount allowed for personal injuries is found to be $2,130. The injuries, other than the cut on the head, were trivial. The cut on the forehead was an inch or an inch and a quarter long and half an inch deep. In healing it left a scar. The record discloses no other injury to the head, unless other injury be inferred from the testimony of plaintiff that he suffers headaches and pricking sensations in his scalp. Usually injuries of such character are indicated by physical evidence. We reach the conclusion, upon careful consideration of the whole record, that the verdict is excessive and that judgment in the sum of $1,850 will fully compensate plaintiff for all damages sustained by him.

If, within 30 days from the filing of this opinion, plaintiff files a remittitur of so much of the judgment as exceeds the sum of $1,850, the judgment will be affirmed to the extent of $1,850;

otherwise the judgment will be reversed and the case remanded for retrial.—Affirmed on condition.

KINDIG, C. J., and STEVENS, ALBERT, DONEGAN, KINTZINGER, and MITCHELL, JJ., concur.