M. W. ELLIS, Appellee, v. GEORGE BRUCE, Appellant.

RAYMOND ELLIS, Appellee, v. GEORGE BRUCE, Appellant.

No. 42200.

DECEMBER 12, 1933.

Senneff, Bliss & Senneff, and Miller, Miller & Miller, for appellant.

Burt J. Thompson and Dudley Weible, and Thomas & Loth, for appellees.

STEVENS, J.—The accident out of which this controversy arose occurred on a public highway a short distance east of the Mason City Country Club about 10:30 o'clock on the evening of December 24, 1931. The fact situation is of the utmost importance, and

we deem it necessary, therefore, that a full statement and analysis of the material evidence be made.

The place of the accident was a short distance west of the intersection of a street, or highway, extending north and south, at or near the corporate limits of Mason City. Both the truck and the automobile were traveling eastward. The driver of the truck intended to turn to the left at the above intersection and proceed northward. Observing the approach of an automobile from the rear, the driver of the truck turned the right side thereof onto the shoulder, so that only about one-half of it was off the pavement. The truck at the time of the accident was moving at from five to ten miles per hour. The automobile of appellee was equipped with headlights, and was traveling at a speed of from forty to forty-five miles per hour. The weather was good and the evening was clear. As the automobile approached the truck, the rear of which was unlighted, one of the occupants of the rear seat observed the truck and called out to the driver to look out. The driver then saw the truck, and immediately turned the automobile to the left. Failing to clear the obstruction, the automobile collided with the left rear corner of the truck. The driver of the truck testified that the impact forced the truck, which weighed about 4,000 pounds, forward a distance of thirty or forty feet. There was nothing in the highway or in the vicinity to divert the attention of the driver of the automobile. The vehicles were yet some distance from the intersection with the street or highway, and there was nothing in the nearness of the approach thereto to in any sense constitute a diverting circumstance. The presence of some approaching motor vehicles from the east is noted in the testimony, but they were distant from several hundred feet to a quarter of a mile beyond the intersection. The testimony is uncertain as to whether there was a street light at the intersection above referred to or not. The testimony of all the witnesses is singularly candid and frank.

It is argued that the truck was the color of the pavement; that it was spattered with mud, and not reasonably discernible to the driver of the automobile. The driver of the automobile testified that he was looking forward observing the parallel black lines in the highway, and that he was on his proper side of the pavement.

There is complaint of numerous of the court's instructions, which, in view of the conclusion reached herein, need not be considered. The case falls squarely within the rule announced in Lind-

quist v. Thierman, 216 Iowa 170, 248 N. W. 504. We deem it, therefore, unnecessary to enlarge upon what is there said or to repeat the reasoning adopted. This case is controlling.

It is provided by section 5029, Code 1931, that:

"* * * No person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

The legislative intent is in this instance made perfectly clear by the language of the statute. The failure to observe it constitutes negligence. A positive duty is thereby enjoined upon the driver of every motor vehicle upon the public highways of this state. The question in this case is not one of the visibility of the truck nor of the reasonable and ordinary care of the driver of the automobile. The latter was bound to drive at a speed not greater than would enable him to stop the same within the assured clear distance ahead. The assured clear distance ahead was within the radius of the lights of his automobile, unless the truck was otherwise observable. The failure of the owner of the truck to have it properly equipped with a tail-light and with reflectors on the rear thereof was a violation of the statute. Its operation upon the public highway without such equipment constituted negligence. This negligence on the part of the owner of the truck affords no legal excuse to appellees for the failure of the driver of the automobile to observe his statutory duty.

According to the testimony of the driver of the automobile, the impact with the truck occurred almost simultaneously with his first observation of the obstruction. To the long list of cases cited and reviewed in Lindquist v. Thierman, supra, the following should be added: Weston v. Southern R. Co., 194 N. C. 210, 139 S. E. 237; West Const. Co. v. White, 130 Tenn. 520, 172 S. W. 301; Milliken v. United Laundries, 105 Pa. Super. Ct. 286, 161 A. 873; Yano v. Stott Briquet Co., 184 Wis. 492, 199 N. W. 48; Moore v. U. S. Truck Co., 260 Mich. 56, 244 N. W. 228; Thompson v. Southern Michigan Transp. Co., 261 Mich. 440, 246 N. W. 174; Skaug v. Knappins, 241 Mich. 57, 216 N. W. 403; Ruth v. Vroom, 245 Mich. 88, 222 N. W. 155, 62 A. L. R. 1528; Elrich v. Schwaderer, 251 Mich. 33, 230 N. W. 902; Boylon v. Reliable Cartage Co., 258 Mich. 5, 242 N. W. 231; Haines v. Carroll, 126 Kan. 408, 267 P. 986.

Our attention is called to Jeck v. McDougall Const. Co., 216

Iowa 516, 246 N. W. 595; Kimmel v. Mitchell, 216 Iowa 366, 249 N. W. 151; and Carlson v. Jacob E. Decker & Sons, 216 Iowa 581, 247 N. W. 296, and to other cases.

The conclusion reached in the above cited cases is in harmony with what is said in Lindquist v. Thierman, supra. As to what may amount to an emergency, such as was referred to in some of the above cases, sufficient to entitle the driver of a motor vehicle whose failure to stop it within the assured clear distance ahead has resulted in injury or damages to another, must depend in large measure upon the facts peculiar to each case. This is well illustrated by what is said in Kimmel v. Mitchell, supra, and Jeck v. McDougall Const. Co., supra. As there is a total absence in the evidence of any emergency or diverting fact or circumstance in this case, we have no occasion to consider or discuss this subject. It is clear from all of the testimony that appellee did not observe the statute, and he was therefore guilty of contributory negligence, and cannot recover.

Therefore the motion made at the close of appellees' testimony and renewed at the close of all the testimony for a directed verdict in favor of the defendant should have been sustained. Further discussion or elaboration would add nothing to what we have said.— Reversed.

ALBERT, C. J., and CLAUSSEN, ANDERSON, and KINTZINGER, JJ., concur.