EDMUND KADLEC, Appellant, v. AL. JOHNSON CONSTRUCTION CO. et al., Appellees.

No. 42152.

DECEMBER 12, 1933.

D. D. Murphy & Son, for appellant.

Price & Sharp, and H. B. White and Huebner & Huebner, for appellees.

KINTZINGER, J.—On the night of July 3, 1931, plaintiff, in company with two other young men, was driving his automobile north on Main street in Monona, Iowa. He collided with a truck parked on the easterly side of the street without headlights, tail-light, illuminated number plates, warning device, or reflectors. Main street was twenty-four feet wide between curbs. The truck was used by the construction company on a local paving job, and was owned by the defendant Baker. It was a large ten-ton double rear wheel truck, had become stained with cement, and was of a gray cement color about the same color as the pavement. This truck was eight feet wide, and was so parked that the rear right wheel was 20 inches from the curb. The truck was so located that the rear left side of the truck came within two feet four inches of the center line of the pavement, leaving only about two feet between the rear west end of the truck and the center of the pavement.

There were a number of large maple trees on both sides of the highway, with the foliage and branches overhanging into the street. There were street lights partly within the line of the trees, and these lights, combined with the foliage, cast shadows upon the street. As plaintiff was approaching the location of the truck, a car with lights was approaching from the north.

Plaintiff, who had been traveling in the center of the street, was preparing to meet the on-coming car by turning to his right. After so doing, the unlighted truck suddenly loomed up about six

or eight feet ahead of him. He did not see this truck until that time. Plaintiff testified that he had been keeping a lookout ahead, but was unable to see the unlighted truck until he came within six or eight feet of it; that his clear vision of the unlighted truck was interfered with and obstructed by shadows from the overhanging branches of the trees made by the street lights, and by the attention given to the lighted car approaching a short distance ahead. When the unlighted truck loomed up in front of him, he turned to the left, but the rear end of his car collided with the truck. He then continued across the street to the west curb, and stopped his car about twenty feet from the truck. After crossing the street, the lighted on-coming car turned to the left to avoid striking plaintiff's car, and immediately turned to the right to avoid striking the truck. It was upon these facts that the lower court directed a verdict in favor of the defendant on the grounds of plaintiff's contributory negligence.

The motion for a directed verdict was based solely on the ground of plaintiff's contributory negligence. As it was not claimed that defendant's negligence had not been established, it will be assumed for the purpose of this case that the defendant was negligent in the particulars alleged, and it will be unnecessary to give this branch of the case any consideration.

I. The substance of plaintiff's motion for a new trial was based upon the ground that under the peculiar facts and circumstances of this case the question of plaintiff's contributory negligence was for the jury. Defendant suggests that, because its motion for a directed verdict was based upon several grounds, defendant's motion for a new trial should not be sustained if any one of the grounds of the motion for a directed verdict was good. The motion for a directed verdict is as follows:

"Comes now the defendants at the close of the plaintiff's evidence and moves the court to direct a verdict for the defendants in this case for that it appears under the most favorable light which may be given to the evidence of the plaintiff that the immediate and proximate cause of the plaintiff's damage, if any, was his own negligence and contributory negligence.

1. Plaintiff did not have his car under proper control which would enable him to stop his car within the clear vision of his lights.

2. That it appears that the plaintiff was traveling at a dangerous and reckless rate of speed and in violation of the ordinances of the town of Monona and the laws of the State of Iowa.

3. That it affirmatively appears from the plaintiff's own testimony that he could stop his car within a distance of ten feet if he was traveling at the rate of twenty-five miles per hour, and that he failed to stop his car within that distance and failed to avoid the accident in question.

4. For the further reason that under the evidence in this case that it would be the duty of the court to set aside any verdict which might be returned by the jury in favor of the plaintiff as clearly against the weight of the evidence."

The substance of all four grounds is in effect that the plaintiff was guilty of contributory negligence because he did not bring his car to a stop "within the assured clear distance ahead." This statute includes and contemplates the question of proper control, visibility of his lights, rate of speed, and all other matters embraced in the motion for a directed verdict. The only question for consideration, therefore, is whether or not the plaintiff was guilty of contributory negligence in not complying with the "assured clear distance ahead" statute, under the facts and circumstances present in this case.

II. Section 5029 provides as follows:

"Speed Standard. Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

This statute has been considered in a number of our cases, and in all of them the general rule was announced that the "assured clear distance ahead" means that a person must drive his car in such a manner as to be able to stop it within the vision or radius of his lights on approaching a discernible object on the highway. Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504; Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569; Peckinpaugh v. Engelke, 215 Iowa 1248, 247 N. W. 822; Harvey v. Knowles Storage & Moving Co., 215 Iowa 35, 244 N. W. 660.

In Harvey v. Knowles Storage & Moving Co., 215 Iowa 35, loc. cit. 42, 244 N. W. 660, in reference to the assured clear distance ahead statute we said: "A violation of, or noncompliance with, this statute, *without proof of legal excuse* for noncompliance, constitutes negligence." (Italics ours.)

A thorough consideration of this question is contained in an opinion written by Chief Justice Kindig, in Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504. In that case, and also in the Wosoba v. Kenyon case, 215 Iowa 226, 243 N. W. 569, the plaintiff was blinded by the lights of the on-coming car. Under such circumstances, it was held that, when the driver of a car is blinded by the lights of an on-coming car, it is his duty to stop, and a failure so to do amounts to a violation of the "assured clear distance ahead" statute, and constitutes contributory negligence, as a matter of law.

In Lindquist v. Thierman, 216 Iowa 170, loc. cit. 178, 248 N. W. 504, 508, we said: "Consequently, it is evident that the words 'within the assured clear distance ahead,' as used in the statute, signify that the operator of the automobile, when driving at night as well as in the day, shall at all times be able to stop his car within the distance that *discernible objects* may be seen ahead of it." (Italics ours.)

In other cases, however, it is held that, if the peculiar facts and circumstances of any particular case are such as to constitute a sufficient excuse for failing to stop, then the question of plaintiff's contributory negligence may be one for the jury. Jeck v. McDougall Construction Co., 216 Iowa 516, 246 N. W. 595; Kimmel v. Mitchell, 216 Iowa 366, 249 N. W. 151; Carlson v. Decker & Sons, 216 Iowa 581, 247 N. W. 296.

In the case of Ellis v. Bruce, 217 Iowa 258, 252 N. W. 101, we said:

"The conclusion reached in the above cited cases is in harmony with what is said in Lindquist v. Thierman, supra. As to what may amount to an emergency, such as was referred to in some of the above cases, sufficient to entitle the driver of a motor vehicle whose failure to stop it within the assured clear distance ahead has resulted in injury or damages to another, must depend in large measure upon the facts peculiar to each case  *  *  *  As there is a total absence in the evidence of any emergency or diverting fact or

circumstance in this case, we have no occasion to consider or discuss this subject."

It is the well-settled rule of this state that a person rightfully driving on the highway has the right to assume that other persons using the same will obey the law. Jelsma v. English, 210 Iowa 1065, 231 N. W. 304; Hartman v. Red Ball Co., 211 Iowa 64, 233 N. W. 23; Jeck v. McDougall Construction Co., 216 Iowa 516, 246 N. W. 595; Smith v. Spirek, 196 Iowa 1328, 195 N. W. 736; Hanson v. Manning, 213 Iowa 625, 239 N. W. 793; Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552.

In the case of Jeck v. McDougall Construction Co., 216 Iowa 516, 246 N. W. 595, we said: "This principle of law must be taken into consideration in the determination of the question before us."

However, in the absence of peculiar circumstances so far as the statute under consideration refers to the lights of automobiles in the nighttime, under ordinary conditions, the rule that a driver of a car can assume that others on a highway will obey the law is slightly, if at all, material. Lindquist v. Thierman, 216 Iowa 170, loc. cit. 179, 248 N. W. 504, 508.

Although the violation of a statutory requirement is considered negligence per se, we have also held that defendant may offer proof excusing his failure to observe the statutory requirement. Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552. In that case we said:

"Much of the confusion in our cases involving this question arises from the inapt or unfortunate use of language, such as 'conclusive evidence of negligence,' 'negligence as a matter of law,' 'negligence per se,' 'prima facie evidence of negligence,' and 'prima facie negligence.' Statutes and ordinances such as these under discussion are a legislative prescription of a suitable precaution or a fixing by law of the standard of care which is required under the circumstances, and it must follow that a failure to observe the standard of care thus fixed by law is negligence. In other words, accurately speaking, where the statute or ordinance has fixed the standard of care, the failure to observe such standard is negligence, and when in the trial of a case—the other elements being proven—it is shown that the defendant failed to observe the standard of care thus fixed, a case is made for the jury in the first instance. In such case, the defendant may offer proof excusing his failure to

observe such legal standard of care. If, however, he fails to furnish proof of such legal excuse, then it is accurate to say that negligence is established as a matter of law. With this thought in mind and in accord with this idea, a court is warranted in saying to the jury that if the defendant failed to observe the standard of care thus fixed by statute, he is guilty of negligence, *unless he has shown a legal excuse for failure to observe the requirements of the statute or ordinance,* and in case he has so shown such legal excuse, he is not guilty of negligence. By the term 'legal excuse' is meant: [Italics ours.]

1. Anything that would make it impossible to comply with the statute or ordinance.

2. Anything over which the driver has no control which places his car in a position contrary to the provisions of the statute or ordinance.

3. Where the driver of the car is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute.

4. Where a statute specifically provides an excuse or exception."

The definition of a legal excuse as so defined is anything that would make it reasonably impossible to comply with the statute or ordinances, and where the driver of the car is confronted by an emergency, not of his own making, and by reason thereof fails to obey the statute. We are in accord with the definition of a legal excuse as so defined and that it requires a reasonable construction of the statute. Such a construction, however, would not permit the driver of an automobile, who is blinded by the lights of an approaching car, to continue into the darkness; but requires him to stop at once. If an object on the highway is undiscernible or becomes undiscernible by reason of some peculiar facts or circumstances beyond the driver's control, it would be unreasonable to hold him responsible therefor. If by reason of peculiar circumstances surrounding an object on the road, it becomes undiscernible, although his car is equipped with good lights and he is not exceeding any speed law, then it might be impossible for a driver to comply with the assured clear distance ahead statute. If there are any facts in this case beyond plaintiff's control tending to show that the truck on the highway was undiscernible by him, by the exercise of ordinary care, then the question of his complying with the

statutory requirements and contributory negligence would become one for the jury.

Although a wire stretched across a street or sidewalk or small stake attached to an unlighted truck in a roadway may be undiscernible because of its size, it might also be possible for an unlighted object on the highway to be undiscernible, if so camouflaged by color, lights, and shadows that it blends in with the highway as to make it appear like part of the road. In such case it might not be clearly discernible by persons approaching it, although exercising ordinary care, and, if not, a jury question as to its visibility might properly arise.

In Baldwin v. City of Norwalk, 96 Conn. 1, 112 A. 660, the court said:

. "The defendant claims that under this statute an automobile driver who in the nighttime collides with a substantial object on a straight highway, in the absence of any intervening vehicles or objects which obscure or prevent a view ahead should be presumed either to have seen the object or to have failed to see the object because he did not have the forward lights required by statute, and that he was therefore guilty of contributory negligence.

"The defendant claims that under the evidence Main street was a straight highway, and the frozen accumulation of mud and debris which the plaintiff claimed to. have proved to exist upon the highway on the night in question was a substantial object straight ahead of the plaintiff as he drove northerly on Main street, and that under the evidence there were no intervening vehicles or other objects to prevent or obscure the plaintiff's view ahead, and therefor the plaintiff failed to see a substantial object straight ahead of him made clearly visible by his lights, or he did not have lights of the illuminating power required by statute, and hence failed to see the object and was in either case guilty of contributory negligence and barred a recovery. We do not construe the statute so as to create this dilemma. *The statute must be construed in the light of common knowledge.* [Italics ours.]

"It is common knowledge that substantial objects because of their composition or coloring, and the coloring of the surface or object upon which they rest, are visible in greatly varying degrees when artificial light is thrown upon them. They are not necessarily clearly visible.

"The plaintiff claimed that he was keeping a reasonable lookout upon the road ahead of him, but by reason of the dark color of the mass of débris and the lights and shadows, he did not see the pile of débris of which he had no prior knowledge. It was a question for the jury to determine whether the plaintiff had * * * the lights required by statute and whether a failure to have such lights was a proximate cause of the accident, and whether if he had such lights he was in the exercise of due care in failing to see and avoid the pile of débris under the surrounding circumstances on the night in question.

"As to this claim and the other claims of the defendant under this reason of appeal, we are satisfied that under the conflicting evidence the jury could have reasonably found the issues for the plaintiff."

Among the facts offered in evidence in this case to establish an excuse for plaintiff's violation of the "assured clear distance ahead statute" was the color of the truck, blending with the color of the roadway, the lights and shadows from the overhanging tree branches cast upon the street, and the on-coming lighted car. If the color of an unlighted truck upon a highway is the same as that of the highway itself, it may become so blended in the color of the highway as to be taken as part of the highway, especially when considered in connection with the lights and shadows cast upon the street and truck by the overhanging branches and foliage of trees caused by the street lights between the trees. The evidence also shows that the plaintiff in approaching the location of the unlighted truck saw a lighted car approaching about 100 feet away; that in preparing to meet this car he turned his car to the right. His attention may necessarily have been diverted to the approaching car, and, because of such attention, he may not have seen the unlighted truck in the roadway until after he turned right to meet the approaching car. If these facts interfered with or obstructed plaintiff's "clear" vision of the truck, it could readily come within one of the excuses hereinabove referred to.

A reasonable construction of this statute would seem to require that, where the evidence shows that plaintiff's car was equipped with good lights, and he was not exceeding the speed limit, he should not be held guilty of contributory negligence as a matter of law, in failing to see an object which was undiscernible to a person approaching the same in the exercise of ordinary care.

This statute, like all others, should not be so construed as to require a party approaching the object to see it, as a matter of law, when by the use of ordinary care on his part it cannot be seen. If under the peculiar facts and circumstances in this case such a condition existed, we believe it comes within one of the excuses referred to in the case of Kisling v. Thierman, 214 Iowa 911, 243 N. W. 552. The "rule of reason" should be applied in the interpretation and construction of this statute.

The evidence shows that the plaintiff was driving his car at a permissive speed in that part of town. Section 5030 (Code) provides: "That the maximum speed in a residential district is 25 miles per hour." It also shows that at that rate of speed he could bring his car to a stop within about 10 feet. It is claimed, however, that on account of the peculiar conditions present he did not see the unlighted truck in time to bring his car to a stop before colliding with it. He immediately turned to the left in trying to pass the truck, and barely avoided a collision with the on-coming car by crossing the street.

It is also the settled rule of law that a person is not guilty of contributory negligence, as a matter of law, where his attention has been diverted from a dangerous condition on the roadway, and that, although he knew of the danger, and he is prevented from avoiding it by reason of his attention being diverted, he is not necessarily guilty of contributory negligence. Lichtenberger v. Meriden, 91 Iowa 45, 58 N. W. 1058; Id., 100 Iowa 221, 69 N. W. 424; Erickson v. Manson, 180 Iowa 378, 160 N. W. 276; Taylor v. Wabash Ry. Co., 112 Iowa 157, 83 N. W. 892; Buehner v. Creamery Packing Co., 124 Iowa 445, 100 N. W. 345, 104 Am. St. Rep. 354; Sanderson v. C., M. & St. P. R. Co., 167 Iowa 90, 149 N. W. 188; Hodgson v. Wisconsin Gas & Electric Co., 188 Wis. 341, 206 N. W. 191. It has been consistently held that a momentary diversion of attention or preoccupation minimizes the degree of care required in the absence of such diversion or preoccupation. The doctrine of these cases is well expressed in Hodgson v. Wisconsin Gas & Electric Co., 188 Wis. 341, 206 N. W. 191, loc. cit. 193, where the court said:

"The doctrine of these cases may be thus stated: Such diversion or preoccupation so far excuses the exercise of that degree of care ordinarily required as to make it a jury question whether the

plaintiff's conduct under the actual circumstances constitutes ordinary care."

This case comes clearly within the doctrine of those cases, and the contributory negligence of the plaintiff was for the jury.

The evidence shows that the plaintiff's attention was directed to the approaching lighted car until he turned his car to the right for the purpose of meeting it. At that time he was within six or eight feet of the unlighted truck. Such is the evidence offered by the plaintiff in this case, and we think it sufficient to take the case to the jury on the question of contributory negligence.

In Kimmel v. Mitchell, 216 Iowa 366, 249 N. W. 151, we said:

"It is claimed that appellee was guilty of contributory negligence in not discovering the presence of the truck on the highway and in failing to drive his car at a rate of speed which would enable him to bring it to a stop within the assured clear distance ahead. It cannot be held, as a matter of law, that appellee's car was not equipped with proper lights and was not operated at a speed which would permit him to bring it to a stop within the assured clear distance ahead. *The failure of appellee to timely discover and avoid colliding with the truck may have been due to the position in which the truck was parked on the highway and the diversion of attention caused by the light of the truck in the adjoining field."* (Italics ours.)

We can see no distinction between the case at bar and Jeck v. McDougall, 216 Iowa 516, 246 N. W. 595, and Kimmel v. Mitchell, 216 Iowa 366, 249 N. W. 151.

The case of Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504, and other cases of similar import recognize the rule that there may be conditions under which it is lawful to operate an automobile on the highway without a light, and that under *ordinary circumstances* the driver of an on-coming car should be able to see such unlighted car in sufficient time to avoid striking it. Those cases all imply that the unlighted truck is a discernible object. It is not inconsistent to say that, if there are other peculiar circumstances present, which, added to the unlighted truck, make it undiscernible, then the question of contributory negligence might well be for the jury. If there are no other peculiar circumstances present in any particular case, then a driver of an approaching car is guilty of contributory negligence in driving at such a speed that it cannot

310

be stopped before striking the unlighted car. We think a fair construction of the Lindquist v. Thierman case is not inconsistent herewith.

In the cases of Wosoba v. Kenyon, 215 Iowa 226, 243 N. W. 569, Lindquist v. Thierman, 216 Iowa 170, 248 N. W. 504, and Peckinpaugh v. Engelke, 215 Iowa 1248, 247 N. W. 822, there were no peculiar circumstances making the unlighted truck undiscernible. In those cases the plaintiff was blinded by the approaching lights, and it then became his duty to bring his car under control by immediately slackening its speed for the purpose of stopping until visibility is restored. All of the cases relied on by appellee recognize a distinction between the cases where conditions present make it impossible to discern the object on the roadway, and there they do not. In the case at bar plaintiff was not blinded by the lights of the on-coming car. The most that can be said about the effect of these lights is that they distracted his attention in such a manner that, with the other peculiar circumstances present, they interfered with his clear vision of the unlighted truck. Evidence of such conditions were sufficient in this case to make the question of contributory negligence one for the jury.

For these reasons, the ruling of the lower court was erroneous, and is therefore hereby reversed.

ANDERSON, MITCHELL, CLAUSSEN, DONEGAN, and EVANS, JJ., concur.

KINDIG, J., concurs in result.