By the Court.
 

 This suit originated in the court of common pleas of Cuyahoga county, where the scrap iron company was plaintiff and the bank or trust company was defendant. The plaintiff alleged that on September 6, 1923, it received a check for the sum of $1,477.70, drawn by the firm of Grodin
 
 &
 
 Co. upon the defendant bank, wherein the drawer was a depositor. Plaintiff alleged that it deposited the cheek in an Akron bank for collection and that the same went through the Cleveland Clearing House on or about September 8, 1923, and was duly presented for payment to the defendant bank; that the defendant accepted said check, and marked, stamped, and perforated said check as “Paid,” and deducted the amount of said check from Grodin & Co.-’s account, and caused a ledger entry to be made certifying that the check was paid. Plaintiff further
 
 *121
 
 alleged that subsequently, on September 10, 1923, having received information that the drawer of the check was insolvent, the defendant bank, through its agents and employees, conspiring and conniving for the purpose of defrauding and cheating the plaintiff, recalled the credit memorandum from the clearing house which was theretofore given in payment and satisfaction of the check, and thereafter returned the check to the bank from which it had been transmitted, and affixed thereon a false entry that the check had been “cancelled in error,” thereby perpetrating a fraud upon the plaintiff, by causing false balances upon the defendant’s books to the prejudice of the payee of the check. Plaintiff sought judgment for the face amount of the check with interest and protest fees.
 

 While the defendant filed three separate defenses, we deem it necessary to consider only the first and second. The first defense is substantially a general denial. The second defense alleges that the various banks in Cleveland, including the defendant, had formed a clearing house association for the purpose of facilitating the collection of checks and the adjustment of accounts between themselves under rules adopted by the association; that one of the rules was as follows: “All checks, notes, bills of exchange or other items, received through the morning clearings, returned unpaid for any reason by city banks shall be returned through the afternoon return item exchanges on the day of clearance at 2:20 o’clock p. m., except on Saturday, when unpaid items received through the morning clearings shall be returned through the morning return item exchanges at 8:30 a. m., on the next succeeding business day. By mu
 
 *122
 
 tual agreement, in ease of emergency or necessity, where it has been found impossible to return items through the 2:20 p. m. Return Item Session, arrangements to return these delayed items shall be made between the interested banks by telephone. But in every instance the return must be made to the receiving bank and the transaction completed by 3:30 p. m. on the day of clearance. ’ ’
 

 The defendant alleged that among the member banks of' the Clearing House Association a practice and custom existed whereby items received in the Saturday morning clearance from the Clearing House Association, if not returned to the clearing house in time for the 8:30 a. m. clearance of the next succeeding business day, could be returned on the next succeeding business day within a reasonable time after such 8:30 morning clearance.
 

 The defendant further alleged that the check in question, together with other checks of G-rodin & Co., was received by the defendant through the Clearing House Association on Saturday morning, September 8, 1923; that this particular check was stamped and perforated as “Paid” by the defendant unintentionally and by mistake. The defendant also alleged that a practice and custom existed among the Cleveland banks and the Clearing House Association whereby, if an item was stamped or perforated as paid, and such stamp or perforation was made unintentionally and under a mistake, the bank so stamping and perforating such item could certify that such stamping and perforation was done in error, and that said practice and custom authorized the return of such check with such certification in accordance with said rule of the Clearing House
 
 *123
 
 Association, and that under said rule, practice, and custom “the bank so returning such item was entitled to credit for the amount thereof and a reversal of entries previously made pertaining thereto.”
 

 The reply was substantially a general denial.
 

 The only issue arising upon said defenses was whether there was an acceptance and payment of the check by the drawee bank, the defendant in error here. The trial court said to the jury: “Now, the court considers that there is but one question in this case for you ladies and gentlemen to determine and that is whether or not, when this check reached the Guardian Bank, and was stamped paid, it was their intention to pay the check, or whether the stamping and perforation was an error and a mistake * * * and [if] you find from a preponderance of the evidence that it was an error or mistake, not the intention of the bank to pay this, when it was stamped paid, then the plaintiff would have failed to have established its case, and would not be entitled to a verdict, and your verdict should be for the defendant. Now that is the question in this law suit.”
 

 At the conclusion of the plaintiff’s case and again at the close of the entire evidence, the defendant bank moved for a directed verdict in its favor. Both motions were overruled, the trial resulting in a verdict and judgment in favor of the plaintiff. The Court of Appeals reversed the judgment and remanded the cause for a new trial. .The assigned reason for reversal was the refusal of the trial court to admit evidence offered by the defendant bank as to the general custom and practice among the Cleveland banks in the disposition of checks handled
 
 *124
 
 through the clearing house. In this court both parties prosecute error; the plaintiff in error asking for a reversal of the judgment of the Court of Appeals; the defendant, by cross-petition in error, asking for final judgment in its favor.
 

 During the course of the trial, the defendant offered the rule of the Clearing House Association relating to clearances, and offered to prove by witnesses that, under the custom and practice prevailing among the Cleveland banks, a check received by a bank through clearance on Saturday morning, which it intended to dishonor, would normally be returned at 8:30 a. m. on the Monday following; and that if the normal, or 8:30 Monday morning, clearance was missed, the dishonored item would be returned to the bank which had sent it to the clearing house for collection, and that in exchange therefor that bank’s check would be received to cover the dishonored item; and further offered to prove that such action, if taken by 10:30 a. m. on the following Monday, was within such custom and practice. The trial court refused all evidence relating to the practice and custom of the member banks, and their dealings with the clearing house, for the reason that defendant was unable to prove that plaintiff had knowledge of them. This testimony was competent and should have been admitted. The clearing house rule and the custom and usage of the city banks arising out of reasonable methods used for the collection of accounts and for their adjustment through the clearing house were established for the purpose of facilitating collections and adjustments between the members, and when a check is sent to one of these members for collection, the plaintiff impliedly
 
 *125
 
 agrees that the collection may be made in accordance with such methods.
 
 Hilsinger
 
 v.
 
 Trickett,
 
 86 Ohio St., 286, 99 N. E., 305, Ann. Cas., 1913D, 421. The testimony excluded is competent for another reason. The plaintiff alleged that the agents of the defendant bank, conspiring and conniving to cheat the plaintiff, had wrongfully recalled the credit memorandum theretofore given through the clearing house in payment of the check. In view of that charge, the defendant was entitled to show its good faith in complying with the rules of the clearing house and with the practice and custom existing among its member banks in effecting the collection of accounts and the clearing of exchanges.
 

 The Court of Appeals indicated in its opinion that a majority of that court thought that the plaintiff was not entitled to judgment; but instead of rendering final judgment for the defendant below, the court reversed and remanded the cause. The trial court charged the jury that if they found that the stamping and perforating of the check was an error and mistake on the part of the bank, and that it was not the intention of the bank to pay it, the defendant was entitled to a verdict. "We think the record discloses, without substantial dispute, that, under the circumstances developed, the check was neither accepted nor paid; nor was there any bad faith shown upon the part of the bank. Had the trade acceptances and all the checks issued by the depositor, Grodin
 
 &
 
 Co., been paid out of the depositor’s actual account in the bank, its credit balance would have been overdrawn both on Saturday, September 8th, and on the Monday following, when the final clearance could be made. While it is true that the bank stamped and
 
 *126
 
 perforated the check as “Paid,” this was done under a misapprehension, and would not have been done had the various ledgers of the bank been then assembled showing the true account of G-rodin & Co. with the drawee bank. On Monday morning, September 10th, the bank returned the check to the Federal Reserve or collecting bank, accompanied by a certificate that the cancellation by the drawee bank had been an error. Thereupon the Reserve Bank gave a covering check for its face amount to the drawee bank and immediately wired its forwarding out of town bank, the indorser, that the check had been dishonored by the Guardian Bank.
 

 The trial court should have sustained the motion of the Guardian Savings
 
 &
 
 Trust Company for a directed verdict, and the Court of Appeals should have rendered judgment in its favor. The judgment of the Court of Appeals reversing the trial court is affirmed. Proceeding to render the judgment which the courts below should have entered, judgment will be here rendered in favor of the defendant in error.
 

 Judgment affirmed and final judgment rendered.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Day, JJ., concur.