## BECKER v DAYTON POWER & LIGHT CO AND DAYTON (city)

Ohio Appeals, 2nd Dist, Montgomery Co

No 1432.  Decided Feb 8, 1937

Jacobson & Durst, Dayton, for appellant. H. E. Beane, Dayton, E. M. Matthews, Dayton, C. Pfarrer, Dayton, and E. W. Kruse, Dayton, for appellees.

### OPINION

By HORNBECK, J.

This is an appeal from a judgment of the trial court dismissing the second amended petition of plaintiff after the court had sustained a demurrer thereto and the plaintiff had indicated a purpose to plead no further. That portion of the second amended petition, which is germane to the question presented on the demurrer, sets forth that the city had lessened the width of First Street from Harshman Street west in part caused by a sharp curve to the south in the north curb line of First Street at Harshman; that by reason of the curve there is an offset in the street about ten

feet to the south; that the western end of the curve at the place where the reduction in the width of First Street begins, the defendant Power & Light Co. had erected and maintained a pole for the carrying of its wires and negligently and carelessly permitted the pole to remain at that place at the time of the occurrences set forth in the petition. It is further averred that at the eastern end of the aforementioned curve there is no curb and that the lack of curb continues for the greater portion of the curve in the street; that on the north side of First Street west of Harshman there is no paved sidewalk; that plaintiff on the date and at the time set forth in the petition was operating his automobile westwardly on East First Street; that as he approached First and Harshman Streets an east-bound auto with bright lights thereon was being operated by a person unknown to the plaintiff and that by reason of the bright headlights of the automobile the physical situation resulting from the narrowing of First Street and the existence of the pole of the Power & Light Company, which conditions were not theretofore known by plaintiff, the view of plaintiff was obstructed; that this interference with his view occurred when he was about fifteen feet from the location of the pole of the Power & Light Co., at which time he immediately attempted, unsuccessfully, to stop his automobile and collided with the pole, causing the injuries set forth.

The negligence charged against the Power & Light Co. was that of maintenance of a nuisance in the street and against the City of Dayton of the creation and continuance of the condition in First Street heretofore described.

We are favored with the opinion of the judge who determined the demurrer to the second amended petition and our attention is directed to the fact that a demurrer to a petition of the plaintiff and a motion to strike from the petition had, by other judges of the same court, been overruled. We are concerned only with the result of the sustaining of the last demurrer, which was directed to the second amended petition. Judge Douglas was of opinion that no action constituting negligence was charged against the Power & Light Co., nor against the City of Dayton and further, that as a matter of law the plaintiff was chargeable with contributory negligence. Whether or not the trial court was correct in determining that no charge of negligence was averred against either defendant is not material if it was properly decided that plaintiff was contributorily negligent. We are in accord with the determination respecting the contributory negligence of the plaintiff.

Sec 6310-1 GC required the plaintiff to have headlights so that he could see any person, vehicle or substantial object upon the roadway straight ahead for a distance of at least 200 feet.

Sec 12603 GC provides that:

"No person shall drive any motor vehicle in and upon a public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

Inasmuch as the plaintiff pleads that the pole of the Power & Light Company was negligently placed in First Street, the former quoted section has application and inasmuch as it is averred that the curve in First Street is sharply to the south and plaintiff's automobile was moving westwardly in that street, it is obvious that physical conditions would have permitted him to see the pole and the condition thereabout to better advantage than if the curve had been sharply to the north.

When this cause was presented orally the writer of this opinion had the impression that because of the trend which the curve took, the view of the pole by the plaintiff was made more difficult. The facts plead made the plaintiff's view better than if the curve was to the north.

The "assured clear distance ahead" of plaintiff if nothing unusual occurred, would clearly have taken in the view of the pole and the narrowing of the street, but it is averred in the petition that the legal excuse for the failure of the plaintiff to avoid striking the pole was that he did not know of its location nor of the narrowing of the street and further, that the blinding lights of the oncoming automobile interfered with his vision ahead, after which he slackened his speed but was unable to stop before colliding with the pole.

We are cited to **Kormos v Credit Men's Co., 131 Oh St 471**, and particularly parts of the opinion. The second and third syllabi of this case are:

"2. One who violates §12603, GC, requiring a driver of a motor vehicle on public highways not to drive his vehicle at a greater speed 'than will permit him to bring it to a stop within the assured clear distance ahead' is, in the absence of proof

of a legal excuse therefor, guilty of contributory negligence as a matter of law.

"3. An operator who has failed to comply with the 'assured clear distance' statute may excuse such failure and avoid the legal imputation of negligence per se by establishing that, without his fault, and because of circumstances over which he had no control, compliance with the law was rendered impossible."

Do, then, the averments of this petition disclose a legal excuse for the failure of the plaintiff to observe the "assured clear distance ahead" statute? In the light of the trend of adjudication in our Supreme Court we are of opinion that legal excuse for plaintiff's failure to observe §12603 GC does not appear in the amended petition.

This court, and especially one member thereof, has favored a liberal interpretation of §12603 GC in the light of practical and common experience in the operation of motor vehicles upon our public highways in these times. The Supreme Court, prior to the Kormos case, supra, has hewed strictly to the letter of the statute, giving it no flexibility whatever and now requires the plaintiff if he is to escape the charge of negligence per se by failure to observe the section to make it appear that there were circumstances over which he had no control, which rendered compliance with the law impossible. The amended petition, in our judgment, fails as a matter of law to set up a legal excuse for the violation of §12603 GC and therefore the demurrer was properly sustained.

Judgment affirmed.

CRAIG, PJ, and BARNES, J, concur.