**FARRIS, Plaintiff-Appellee, v. COLUMBUS, (CITY), Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4173.   Decided October 28, 1948.

Hamilton & Kramer, Joseph R. Hague, of Counsel, Columbus, for plaintiff-appellee.

Richard W. Gordon, City Atty., Hugh K. Martin, Senior City Atty., Edward J. Cox, Asst. City Atty., Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an appeal on law from the Common Pleas Court of Franklin County, Ohio, which rendered judgment on a verdict returned in favor of the plaintiff in the amount of $3500.00.

Plaintiff sued the City of Columbus for damages growing out of an accident that occurred on Leonard Avenue in said City. Plaintiff was riding his motorcycle in a westerly direction on Leonard Avenue and immediately before the accident was following an automobile which was traveling in the same line of traffic. The automobile suddenly swerved to the left without warning and the plaintiff, being so near a hole in the pavement that he was unable to avoid it, dropped into the hole upsetting the motorcycle. The plaintiff was thrown to the ground and injured.

The automobile and motorcycle were traveling at a rate of speed between 20 and 25 miles per hour. The accident happened at 2:45 o'clock in the afternoon. The day was clear and bright and the street was dry.

The defendant-appellant has assigned twenty-one separate grounds of error which present three principal questions for determination. The defendant-appellant contends error was committed in the admission of testimony on behalf of plaintiff, in failing to apply the "assured clear distance ahead" rule, and in that counsel for plaintiff in his argument to the jury was guilty of misconduct.

To charge the City with actual knowledge of the condition of the street, the plaintiff produced a witness who resided and conducted a place of business on Leonard Avenue at the

place where the accident happened. He was permitted to testify that he called the City Hall three times. Upon receiving an answer he asked for the Street Repair Department. A man's voice answered who each time stated that he had charge of the repair of streets, and each time a promise was made to send someone out to "look it over" or "see about it". The witness testified that in each telephone conversation he stated that the street was in a rough condition. In the second call he reported that big busses go through. In the last call he reported the street was getting pretty rough. The last call was made two or three days before the accident. The testimony shows that the hole which caused the accident was in that condition for a period of four or five days or perhaps one week prior to the accident. In the third telephone conversation, the witness informed the one answering the telephone that he had twice before reported the condition of the street.

The record shows that the street was paved with a material commonly called "hot mix"; that at that place there were numerous holes in the street, the largest one of which caused the accident; that this hole was described as being one and one-half feet in diameter and one foot deep. The jury could easily conclude that a street in this condition was not "in repair, and free from nuisance". **Sec. 3714 GC.**

Was the evidence relative to the telephone conversation competent to prove actual knowledge on the part of the city? Under modern business practices and the law applicable thereto, a person who answers a telephone call from the place of business of the person called is presumed to be the person called. Especially is the identity presumed if the one answering the telephone responds to the conversation indicating that he has charge of the business in pursuance to which the call was made. 31 C. J. S. 910. See, also, L. R. A. 1918 D 720. In our opinion the evidence was competent and admissible and of sufficient probative value to submit the question of identity to the jury.

Was the City apprised of the defect in the street which caused the injury? The witness did not describe in detail the particular hole which caused the accident. In our judgment this is not required. The street was full of holes. The report made by the witness sufficiently described the existing condition of the street. The defect which caused the accident was of the same general character as described by the witness and was a usual concomitant of the general defective condition of the street. **Village of Shelby v. Clagett, 46 Oh St 549.** In our opinion the evidence was admissible and the court did

**372**

not commit prejudicial error in submitting this issue to the jury.

The defendant-appellant requested the Court to give before argument four special instructions applying the "assured clear distance ahead" rule. The Court refused to so charge and several grounds of error are predicated on such refusal. The evidence shows that the plaintiff was following the automobile at a distance of about thirty feet according to the testimony of the plaintiff. A witness for the plaintiff testified that the plaintiff was a car's length or better behind the automobile. Both vehicles were traveling at a lawful rate of speed. The plaintiff testified that when the automobile swerved to the left, the hole for the first time could be seen, and that he, the plaintiff, was on the hole and could not avoid it. The defendant contends that the plaintiff was not operating his motorcycle at such a rate of speed that he could bring it to a stop within the assured clear distance ahead as required under the provisions of §6307-21 (a) GC. In support of this contention defendant cites the case of **Smiley v. Arrow Spring Bed Co., 138 Oh St 81,** the second paragraph of the syllabus of which is as follows:

"To comply with the assured-clear-distance ahead provision of §12603 GC, the driver of a motor vehicle must not operate it at a greater speed than will permit him to bring it to a stop within the distance between his motor vehicle and a discernible object obstructing his path or line of travel, unless such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his path or line of travel, of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith."

On page 84 the Court in defining the rule stated:

"The 'assured clear distance ahead', as used in the statute, must be the distance or space between the motor vehicle of the motorist and any discernible obstruction or any limit of vision ahead of him on the highway. For example, if a train of cars is standing across the highway immediately ahead of the motorist, the distance between himself and the train of cars is the assured clear distance ahead. If his view is cut off by the darkness, by a curve in the highway, or by the crest of a hill, the distance between him and the point where his vision ends or is cut off is the assured clear distance ahead. The requirement of the statute is that the motor vehicle be-

so operated that, at any instant, it can be stopped within such assured clear distance ahead."

The application of the principle of law laid down in the Smiley case hinges on the question whether a hole in the pavement is a discernible object. In the Smiley case the Court cites numerous cases where the rule was not applied. It is pointed out in those cases that the driver would not be able to discern a thin wire, a small stake, a patch of ice on the pavement causing the automobile to skid, an unlighted ditch extending across the highway or an unlighted excavation in the highway. The rule is not applicable unless it be shown that the obstruction or defect is discernible, and discernible in time to permit the driver to avoid it. If the obstacle in front is for the first time in the driver's view, after the vehicle has passed the point where the "assured clear distance ahead" rule would be effective, and the obstacle is then too close to be avoided, the rule has no application. See Stark v. Fullerton Trucking Co., 318 Pa. 541, 179 A. 84, cited by the Supreme Court on page 86 of the opinion in the Smiley case. In the case at bar, the obstacle was not discernible until the automobile had swerved from its path and the plaintiff was then too close to avoid striking the hole. The plaintiff had passed the point where the rule would have application. We have recently applied the rule to a curve in the highway (State v. Cheatwood, Franklin County Court of Appeals, October 4, 1948, 52 Abs 473) but we are not disposed to extend the application of the rule to the facts presented in this case.

Defendant contends that plaintiff's counsel was guilty of gross misconduct in his closing argument to the jury. Counsel for plaintiff referred to the hole into which the plaintiff had driven his motorcycle as a "trap". Even if such reference could be considered misconduct and prejudicial, which we doubt, the record shows no objection interposed at the time and no request for instructions to the jury to disregard the remark. The question was raised for the first time on motion for new trial. The arguments of counsel are not a part of the Bill of Exceptions.

Improper remarks or misconduct of counsel furnish no basis on which to predicate error unless the matter was called to the attention of the Court at the time and an opportunity given to the Court to correct or avoid the error. Scott v. State, 107 Oh St 475, 490; Walsh v. Thomas' Sons, 91 Oh St 210; Hubbach v. City of Springfield, 63 Oh Ap 329, 345; Oyler v. Stokes, 16 Oh Ap 427, 430; Spring v. E. I. DuPont de Nemours Co. 30 Abs 278, 294. See, also, Vol. 2 O Jur 226.

We find no error in the general charge, neither do we find the verdict to be excessive in view of the evidence adduced. In our opinion the verdict and judgment are sustained by sufficient evidence and are not contrary to law.

Judgment affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.