**BROWN, Plaintiff-Appellee, v. WACKMAN, Defendant-Appellant.**

Ohio Appeals, Second District, Madison County.

No. 168.   Decided May 14, 1949.

C. C. Crabbe, Garek & Sillman, Columbus, H. H. Crabbe, London, for plaintiff-appellee.

Wiles & Doucher, Columbus, Forrest E. Sidener, Jr., London, for defendant-appellant.

**OPINION**

By HORNBECK, J.:

The appeal is from a judgment for $16,000.00 entered on a verdict of a jury in favor of plaintiff and against defendant for damages for personal injuries suffered by plaintiff when a car in which he was riding collided with a truck.

Upon plaintiff's opening statement to the jury at the conclusion of his testimony and at the end of all of the testimony defendant moved for a directed verdict and after verdict for judgment non obstante, which motions were overruled.

It was the claim of the defendant at the trial, and is here, that upon the facts appearing, the assured clear distance ahead provision of §6307-21 GC precludes any recovery on behalf of the plaintiff. Testing this question upon the developments in their most favorable light to the plaintiff, the facts are: Plaintiff and his brother were partners in farming operations. On the night of February 6, 1948, they left their home, moved over to Route 70 and started to Jeffersonville. Glendon Brown, brother of the plaintiff, was driving a 1934 Ford sedan. To his right was Merle Jones and to Jones' right, plaintiff was seated with his right arm in the window of the car. They had travelled from South Charleston and had reached a place a short distance from South Solon, moving in a southeasterly direction on the highway, which is 18 feet wide, at a rate of speed of about 40 miles per hour. Their headlights were burning. On the night of the collision the driver of a 1940 GMC 1½ Ton truck, belonging to defendant, James Wackman, abandoned it on the right side of the highway about 3/10 of a mile from South Solon. The truck was empty and most of it had been moved off of the highway proper but there was left projecting about 10 inches over the paved portion of the highway a part of the rear left side of the bed of the body of the truck. The truck had no signals of any kind on it and no flares or lights had been put along the highway to warn of its presence. At a distance of about 400 feet to the southeast of the place where the truck was parked there is a turn in the roadway of Rt. 70. As plaintiff's driver approached the parked truck, an automobile moving to the northwest, the opposite direction from that in which the plaintiff was moving, made the turn in the highway and when he had straightened up upon the thoroughfare the front lights on his automobile were so bright that they blinded the driver of plaintiff's car. He immediately applied his brakes, materially lessened his speed but before he stopped, the left rear portion of the truck projecting over the highway "came over his right fender", as he puts it, resulting in the collision and very serious injuries to the plaintiff's arm. Plaintiff's driver says that because of the blinding lights his vision was materially cut off and that he could not, and did not, see the projecting truck until he was almost upon it.

It is conceded that the negligence, if any, of the driver of the automobile may be imputed to the plaintiff because of their partnership. As to the negligence of the defendant, which was flagrant, there is no issue.

The sole determinative question here is whether or not, as a matter of law, plaintiff is chargeable with contributory negligence.

Appellant cites and relies upon two cases. **Kormos v. Credit Men's Co., 131 Oh St 471,** and **Smiley v. Spring Bed Co., 138 Oh St 81.**

The trial judge instructed the jury upon the assured-clear-distance-ahead provision of the Code that it enjoined a specific requirement of law upon the driver, a violation of which constituted negligence per se. He further charged the jury,

"That the law, however, does not require the driver to do that which is impossible in the face of an emergency which he could not foretell and over which he had no control. And a driver who has failed to comply with these provisions of the statute may excuse such failure and avoid the legal imputation of negligence per se by establishing that, without his fault and because of circumstances over which he had no control, compliance with the law was rendered impossible."

This charge is in conformity with the 3rd syllabus of Kormos v. Credit Men's Company, supra.

The Kormos case recognizes that there may be a legal excuse for the failure to observe the assured-clear-distance-ahead provision of the Code. On page 477 of the opinion Judge Jones says,

"If he (plaintiff) were blinded many moments before the collision, it was his duty to immediately decrease his speed and, if necessary, to stop until he recovered his vision. In the Wosoba case, supra," (Wosoba v. Kenyon, 215 Iowa, 226, 243 N. W. 569) "the syllabus reads: 'The failure of the driver of an automobile to drive at such speed as will permit him to bring the car to a stop "within the assured clear distance ahead" constitutes, in the absence of some legal excuse, negligence per se. And such excuse is not made to appear by evidence that the driver met a car and was temporarily blinded by the lights shining in his face, **but did not slacken his speed.'** There is no evidence that plaintiff made any effort to decrease his speed until a moment before the collision occurred." (Emphasis ours.)

There is evidence in this case that plaintiff's driver did decrease his speed as soon as he appreciated his inability to see the road ahead of him but before he came to a stop the collision occurred.

Smiley v. Spring Bed Company, supra, is the ultimate in strict construction of the assured-clear-distance-ahead provision of the Code. However, even in this opinion, Judge Hart at page 87 of the opinion says:

"Notwithstanding the strict construction given the assured clear distance statutes by this court, and by the Supreme Courts of other states in the cases just cited, this court in the cases of Gumley, Admr. v. Cowman, supra, Kormos v. Cleveland Retail Credit Men's Co., supra, and **Hangen v. Hadfield, 135 Oh St, 281,** 20 N. E. (2d), 715, suggested that situations may arise and collisions occur under circumstances which provide legal excuse to the person charged with the violation of the statute."

The opinion continues, and characteristic of the writer, many cases are cited, coming within the exception to the strict construction. No one of them presents such similarity of facts to the instant situation as to be especially applicable. However, the second syllabus of the Smiley case recognizes that to give application to the statute the driver must not operate his automobile at a greater speed than will permit him to bring it to a stop within the distance between his automobile and a discernible object obstructing his path.

No good purpose would be served to engage in a prolonged discussion of the application of the assured-clear-distance-ahead statute in the many other cases in which it has been considered. Our Supreme Court has in several of its opinions discussing the subject relied upon Iowa cases.

In Kadlec v. Johnson Construction Company, 217 Iowa 103, 252 N. W. 103, decided since Lindquist v. Thierman, an Iowa case, cited in Smiley v. Spring Bed Company, supra, at page 108, commenting on Lindquist v. Thierman, the Judge writing the opinion says,

"It is not inconsistent to say that, if there are other peculiar circumstances present, which, added to the unlighted truck, make it indiscernible, then the question of contributory negligence might well be for the jury."

And in Kimmel v. Mitchell, Iowa, 249 N. W. 151, at page 153 of the opinion, it is said,

"The failure of appellee to timely discover and avoid colliding with the truck may be due to the position in which the truck was parked on the highway and the diversion of the attention caused by the lights of the truck in the adjoining field."

Upon the factual development here there is a question whether or not under the circumstances confronting plaintiff's driver that part of the truck which projected into the highway was a discernible object. The circumstances over which plaintiff's driver had no control were the oncoming brilliant lights on the approaching automobile and the nature of the obstruction in the highway and the small part thereof, if any, which would be visible. From the statement of the driver of the truck as to the place where and the manner in which it was parked, it is inferable that no one of the wheels was on the surface of the highway and that the truck upon which the bed rested was not over the highway.

When the vision of the driver of plaintiff's car was impaired, he was moving 40 miles per hour and the exercise of the reflexes necessary to stop his car took some time. The speed of the oncoming car is not fixed but at any ordinary driving rate it would be a matter of seconds only from the time that it was straightened upon the highway until it came alongside of the truck and the place of the collision. Plaintiff's driver, in braking his car and attempting to bring it to a stop, observed the precaution which was missing in both the Kormos v. Credit Men's Co. and Smiley v. Spring Bed Co. cases.

The obligation of plaintiff's driver must be determined upon the physical facts with which he was confronted. The oncoming lights were to his left and certainly were of first concern in preserving his own safety. His attention must have been diverted for a period of time to these lights. Notwithstanding the visibility of the highway produced by the headlights of the automobile, that portion of the truck which was struck would not be as discernible as other objects of greater size or extending on to the surface of instead of over the highway. It is not sound to assume that all objects on or above the highway under all conditions are equally discernible. Our military authorities have developed the art of camouflage to such a degree that objects are made largely indiscernible or are made to appear to be that which they are not. Changing and varying lights, shadows, objects and atmospheric conditions do affect visibility on the highway. The courts have said that a stake or a wire in a highway are not such dis-

cernible objects as to charge a driver with the application of the assured-clear-distance-ahead statute. We have already held in **Farris v. City of Columbus, 53 Abs 369,** that a defect in a street may or may not have been such an obstruction in the highway as to be visible to the driver of an automobile. Manifestly, there are many degrees of visibility between freight cars standing across the full width of a road, as in **Skinner v. The Penna. Rd. Co. 127 Oh St 69,** and a wire on or above the highway. It is those objects that come between the extremes that present the factual question whether or not they are discernible.

The Kadlec case, supra, is worthy of careful reading. It abounds with common sense and appreciation of the practical operation of automobiles on highways. So much of it is germane to this case that it would be impractical to quote from it. The Court defines assured-clear-distance-ahead in the same terms as our Supreme Court but, as does our Court, recognizes that there are legal excuses for failure to observe the requirements of the statute. Four of such excuses are set out, three of which are applicable here, (1) Anything that would make it impossible to comply with the statute * * *; (2) Anything over which the driver has no control which places his car in a position contrary to the provisions of the statute * * *; (3) Where the driver of the car is confronted by an emergency not of his own making, and by reason thereof he fails to obey the statute.

In our judgment, there was an issue properly presented to the jury whether or not plaintiff's driver presented a legal excuse for the failure to observe the assured-clear-distance-ahead statute. The jury resolved this issue in favor of the plaintiff, a conclusion which is permissible upon the record.

The judgment will be affirmed.

WISEMAN, J, concurs, MILLER, PJ, not concurring.

### ON APPLICATION FOR REHEARING

No. 168. Decided June 2, 1949.

By THE COURT:

Submitted on application for rehearing.

Our present rules make no provisions for applications for rehearing but we have considered the reasons assigned for the granting of the application and find no reason which would require us to change the conclusion which we reached in .

our original opinion. Practically all of the matters urged were considered and discussed by us. However, we did not consider the specific assignments of error which were not stressed in the briefs as to the failure of the trial judge to give certain special instructions requested by the defendant before argument.

The entry journalizing our opinion may recite that no error assigned is established.

HORNBECK and WISEMAN, JJ, concur, MILLER, PJ, not concurring.

## ON MOTION TO CERTIFY JUDGMENT

No. 168. Decided June 15, 1949.

By THE COURT:

Submitted on motion of appellee to certify the judgment in this case to the Supreme Court as being in conflict with **Buddenberg v. Kavanaugh, 17 Oh Ap 252**, Court of Appeals of Cuyahoga County. The syllabi of the Buddenberg case hold,

"It is the duty of a driver of an automobile to stop his car when for any reason he cannot see where he is going."

and that,

"Where a petition recites that plaintiff was blinded by the lights of an approaching machine so as to be unable to see the street ahead of him, and that while so driving he collided with another machine negligently left in the street, the contributory negligence of the plaintiff is apparent and there is nothing to submit to the jury."

The facts as developed showed that the plaintiff did not stop his machine but changed its course and thereupon the accident occurred. There is no finding that the plaintiff was making any attempt to stop as is developed in the instant cause. Manifestly, there is a period between the time when a person prepares to stop and the moment when the car comes to rest. It was the claim here that it was during the period of time that the car was being brought to a complete stop that the accident occurred.

We are also referred to **Becker v. Dayton Power and Light Company, 56 Oh Ap 140,** an opinion by a member of this court. In the Becker case the object with which the plaintiff came in contact was a Power and Light Pole which was not in the street but on the pavement thereof which was not separated from the street by a curb. We determined that under the physical facts appearing there was no issue as to the discernibility of the pole, the object which was struck. In the instant case we are of opinion that there was such an issue.

The motion will be denied.

HORNBECK and WISEMAN, JJ, concur.
MILLER, PJ, dissents.