WERNER, APPELLEE, *v.* CITY OF YOUNGSTOWN, APPELLANT.

(No. 3396—Decided December 4, 1950.)

*Mr. Paul W. Brown,* for appellee.
*Mr. H. H. Hunt,* director of law, *Mr. I. Freeman,* and *Mr. P. Richard Schumann,* for appellant.

PHILLIPS, P. J. In this opinion plaintiff-appellee and defendant-appellant will be called plaintiff and defendant, respectively.

Acting in accordance with an ordinance duly enacted by its council, the defendant, for the purpose of regulating traffic on Market street, a heavily travelled public highway therein, at about 7 o'clock on the dark rainy morning of January 24, 1949, placed an unlighted and unguarded dark grey or black circular traffic sign on Market street a few inches east of the center of two westbound lanes of traffic. The sign designated one lane of traffic south over the bridge, between the hours of 7 to 9 a. m. This sign, about 14 to 18 inches in diameter, was supported by an iron pipe about four feet high, which rested on a movable base of heavy iron approximately two feet in diameter. The sign was placed on Market street about 75 feet beyond the southerly sidewalk line of Front street on the northerly approach to the Market street viaduct, in such a position that the sign faced south.

About 7:10 a. m. plaintiff, while driving his automobile about 15 miles an hour in a southerly direction along Market street, passed through the intersection of Front street and collided with the sign.

Plaintiff testified that he was not warned of the existence of such sign as he approached it; that he could not see it because of weather conditions and because it was of dark color, unlighted, and was turned edgewise so as to face west; and that, as the result of such collision, his automobile was damaged to the extent of $900.

The plaintiff instituted this action in the Court of Common Pleas on the ground that the existence of such sign in Market street created a nuisance, and that defendant failed to keep Market street open, in repair, and free from nuisance.

Defendant charged plaintiff with contributory negligence.

The trial court overruled defendant's demurrer to

the petition and submitted the case to the jury on the issues of defendant's negligence and plaintiff's contributory negligence. The jury returned a unanimous verdict for the plaintiff for the amount prayed for, upon which the trial judge entered judgment. It is from that judgment and the order of the trial judge overruling its motion for a new trial that the defendant appealed on questions of law to this court.

By assignments of error defendant contends that the trial court erred "in overruling the city's demurrer to plaintiff's petition as stating no cause of action; in overruling defendant's motions for directed verdict at the close of plaintiff's testimony and the close of all the evidence; in his general charge to the jury; in charging the jury that the placing of the sign for the separation of traffic during rush hours, pursuant to police regulations and in the interest of public safety, constituted an active nuisance for which the city may be answerable in damages to a person colliding therewith; in refusing to charge the jury on notice to the city that the traffic sign so placed was dangerous to public travel; in disregarding and rejecting the assured-clear-distance rule urged by the defendant." Defendant further contends that "the judgment of the court is contrary to law and contravenes the Supreme Court ruling in *Tolliver* v. *City of Newark,* 145 Ohio St., 517, that in the installation and maintenance of traffic devices the city acts in a governmental capacity and immune from tort liability"; that "the verdict of the jury is against the manifest weight of evidence and is not supported by any evidence stating a cause of action"; and that the judgment "is contrary to law."

By brief, counsel for defendant contend that the principal question to be determined is "whether a traffic sign placed at the entrance to a bridge, as a safety measure pursuant to ordinance provisions, con-

stitutes a nuisance as will render the city liable to a motorist colliding therewith.''

In our opinion the trial judge did not err in overruling defendant's demurrer to plaintiff's petition.

Defendant waived its right to rely on the claim that the trial judge erred to its prejudice in overruling its motion for a directed verdict made at the close of plaintiff's testimony, when it accepted the ruling and proceeded with its defense and introduced evidence in its own behalf. *Halkias* v. *Wilkoff Co.*, 141 Ohio St., 139, 47 N. E. (2d), 199.

As shown by the assigned grounds of error, defendant contends that the trial judge erred to its prejudice in his general charge to the jury in the respects stated. Disposition of the specifications of error as to the general charge will be made separately in this opinion.

We have carefully reviewed the general charge and find no error therein prejudicial to defendant.

In our opinion the trial judge did not err to defendant's prejudice in charging the jury that placing such sign where it did constituted an active nuisance for which defendant may be answerable in damages to plaintiff. The duty imposed upon the defendant by Section 3714, General Code, is a duty to keep its streets open, in repair, and free from nuisance; and, where, as in the case we review, special circumstances surrounded the placing of the sign, a question is presented for determination by the jury whether there was a ''nuisance.''

The trial judge did not err to defendant's prejudice ''in refusing to charge the jury on notice to the city that the traffic sign so placed was dangerous to public travel.'' The trial judge was under no duty to so charge, because the defendant, its agents or officers created the condition of which plaintiff complained. See *City of Cleveland* v. *Amato*, 123 Ohio St., 575, 176

N. E., 227; *Taylor* v. *City of Cincinnati,* 143 Ohio St., 426, 427, 55 N. E. (2d), 652, 155 A. L. R., 44.

There is no error of omission or commission in the charge of the trial judge on the law of assured clear distance ahead in the respects urged by defendant. See *Farris* v. *City of Columbus,* 85 Ohio App., 385, 53 Ohio Law Abs., 369, 85 N. E. (2d), 605; *Smiley* v. *Arrow Spring Bed Co.,* 138 Ohio St., 81, 33 N. E. (2d), 3, 133 A. L. R., 960.

The evidence, in our opinion, was such that reasonable minds could differ as to the discernibility of the traffic sign, the existence of circumstances over which plaintiff had, or had not, control, whether he was at fault, or whether the condition which existed in dedefendant's street, as shown by the evidence, met the definition of a nuisance. See *City of Hamilton* v. *Dilley,* 120 Ohio St., 127, 165 N. E., 715.

In our opinion the trial judge did not err to defendant's prejudice in overruling its motion for a directed verdict made at the close of all the evidence.

It is obvious from what we have said that we conclude that the verdict of the jury and judgment of the trial judge entered thereon are not contrary to law, and that the judgment must be, and hereby is, affirmed.

*Judgment affirmed.*

Griffith, J., concurs.
Nichols, J., concurs in the judgment.