

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JANA LEE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2012-08338-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

## FINDINGS OF FACT

**{¶1}** 1)    Plaintiff, Jana Lee, filed this action against defendant, Ohio Department of Transportation ("ODOT"), contending her 2012 Ford Focus was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on "St. Rt. 40 one half mile from St Rt 13 intersection east." Plaintiff recalled she was traveling on State Route 40 on November 6, 2012 at approximately 2:15 p.m., when "a piece of 4 x 8 plywood flew off a trailor [sic] #T5826 in front of me."

**{¶2}** 2)    Plaintiff filed this complaint seeking to recover $2,623.73 for repair of the grill, hood, and right side of her vehicle. Plaintiff submitted the $25.00 filing fee with the complaint.

**{¶3}** 3)    Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the damage-causing debris condition prior to plaintiff's

incident. Defendant located the debris "between mile marker 20.0 and 20.2 in Licking County" and advised ODOT did not receive any calls or complaints for debris at that location despite the fact the particular "section of roadway has an average daily traffic count of between 3,170 and 3,330 vehicles." Defendant suggested, "that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted plaintiff failed to establish the length of time the debris existed on that roadway prior to her property damage event. Defendant insisted no ODOT personnel had any knowledge of the plywood between mile marker 20.0 and 20.2 on St. Rt. 40 prior to the described incident forming the basis of this claim. Defendant contended plaintiff failed to establish the damage-causing debris condition was attributable to any conduct on the part of ODOT. Defendant related the ODOT "Licking County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one (1) to two (2) times a month. A review of the six (6) month maintenance history for the area in question reveals that fifty-one (51) debris removal, cleaning/sweeping, and litter operations were performed on SR 40; twelve (12) inclusive of the east bound area of plaintiff's incident. (See Exhibit D)" Apparently, no debris was discovered between mile marker 20.0 and 20.2 on SR 40 the last time that section of roadway was inspected before November 6, 2012. Defendant stated, "if ODOT personnel had found any debris it would have been picked up." Defendant argued plaintiff failed to produce evidence to show her property damage was proximately caused by negligent maintenance on the part of ODOT.

{¶4} 4) Defendant denies the plywood in question fell off of an ODOT truck, and supports that allegation by stating that the ODOT driver's supervisor "confirmed that there was no work order for plywood and there was no missing plywood from District 5's inventory."

{¶5} 5) The driver of the ODOT vehicle, Roger Wimer, maintains that the

plywood was road debris and he "could not avoid running over it." No statement from the driver in question regarding the circumstance surrounding this incident is provided by defendant.

{¶6}    6)    Plaintiff did not submit a response to defendant's investigation report.

CONCLUSIONS OF LAW

{¶7}    1)    For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.,* 15 Ohio St. 3d 75, 77, 472 N.E. 2d 707 (1984). Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University*, 76-0368-AD (1977). However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.*, 145 Ohio St. 198, 61 N.E. 2d 198 (1945), approved and followed.

{¶8}    2)    Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation*, 49 Ohio App. 2d 335, 361 N.E. 2d 486 (10th Dist. 1976). However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford*, 112 Ohio App. 3d 189, 678 N.E. 2d 273 (10th Dist. 1996); *Rhodus v. Ohio Dept. of Transp.*, 67 Ohio App. 3d 723, 588 N.E. 2d 864 (10th Dist. 1990).

{¶9}    3)    In order to prove a breach of the duty to maintain the highways,

plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT*, 34 Ohio App. 3d 247, 517 N.E. 2d 1388 (10th Dist. 1986). Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.*, 31 Ohio Misc. 2d 1, 507 N.E. 2d 1179 (Ct. of Cl. 1986).

{¶10} 4)    Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven.  However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively caused such condition.  See *Bello v. City of Cleveland*, 106 Ohio St. 94, 138 N.E. 526 (1992), at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation*, 94-13861 (1996).

{¶11} 5)    Defendant may bear liability if it can be established if some act or omission on the part of ODOT or its agents was the proximate cause of plaintiff's injury. This court, as the trier of fact, determines questions of proximate causation.  *Shinaver v. Szymanski*, 14 Ohio St. 3d 51, 471 N.E. 2d 477 (1984).

{¶12} 6)    "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances, the injury is then the proximate result of negligence.  It is not necessary that the defendant should have anticipated the particular injury.  It is sufficient that his act is likely to result in an injury to someone."  *Cascone v. Herb Kay Co.*, 6 Ohio St. 3d 155, 160, 451 N.E. 2d 815 (1983), quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.*, 122 Ohio St. 302, 309, 171 N.E. 327 (1930).

{¶13} 7)    R.C. 4511.21(A) states:

{¶14} "(A) No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic

surface, and width of the street, or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead."

{¶15} 8)    A violation of the statute and a finding of negligence per se depends on whether there is evidence that defendant's agent collided with the plywood which 1) was ahead of him in his path of travel, 2) was stationary or moving in the same direction as the driver, 3) did not suddenly appear in the driver's path, and 4) was reasonably discernible.  *McFadden v. Elmer C. Brewer Trans. Co.,* 156 Ohio St. 430, 130 N.E. 2d 385 (1952).

{¶16} 9)    "The statute imposes a specific safety requirement, the violation of which amounts to negligence *per se* (negligence as a matter of law). *Woods v. Brown's Bakery* (1960), 171 Ohio St. 383 [14 O.O. 2d 145].  The only circumstances under which a driver's compliance may be excused are those which arise out of sudden emergencies which change the situation in which the driver finds himself, but which do not arise by reason of his own failure to comply with the rule.  *Smiley v. Arrow Spring Bed Co.* (1941), 138 Ohio St. 81, at 88 [20 O.O. 30].  As a practical matter, the only sudden emergency which has been specifically recognized by our Supreme Court as excusing compliance with the assured-clear-distance-ahead rule is one where the driver's assured clear distance ahead is, without his fault, suddenly cut down by the entrance into his path of some obstruction which renders him incapable, in the exercise of ordinary care, of avoiding a collision with the obstruction.  *Cox v. Polster* (1963), 174 Ohio St. 224, at 226 [22 O.O. 2d 220]; *Smiley v. Arrow Spring Bed Co.*, *supra*, paragraph two of the syllabus.  Under these circumstances, compliance is excused because the rule simply does not apply to the circumstances resulting from the sudden emergency – the driver's previous assured clear distance ahead, through no fault of his

own, no longer exists." *Blair v. Goff-Kirby Company*, 49 Ohio St. 2d 5, 358 N.E. 2d 634 (1976).

{¶17} 10)    In the case at bar, defendant presented no evidence from its driver that the plywood suddenly appeared in the path of ODOT's vehicle.

{¶18} 11)    "The 'assured clear distance ahead' rule is not applicable unless it be shown that the obstruction or defect which caused the accident is discernible, and discernible in time to permit the driver to avoid it.

{¶19} "The 'assured clear distance ahead' rule has no application where the obstacle in front is for the first time in the driver's view, after the vehicle has passed the point where the rule would be effective, and the obstacle is then too close to be avoided." *Farris v. City of Columbus*, 85 Ohio App. 385, 85 N.E. 2d 605 (10th Dist. 1948) syllabus.

{¶20} 12)    Defendant has presented no evidence from its agent, Roger Wimer, concerning the traffic conditions, the time from his observation of the plywood until striking it, or any other information which would have prevented him from compliance with R.C. 4511.21(A).

{¶21} 13)    The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact.  *State v. DeHass*, 10 Ohio St. 2d 230, 227 N.E. 2d 212 (1967), paragraph one of the syllabus.  The court is free to believe or disbelieve, all or any part of each witness's testimony.  *State v. Antill*, 176 Ohio St. 61, 197 N.E. 2d 548 (1964).  In the instant action, the trier of fact finds that the statements of plaintiff concerning the origin of the damage-causing debris are persuasive.  *McTear v. Ohio Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2008-09139-AD, 2008-Ohio-7118.  Defendant is liable to plaintiff for the damage claimed, $2,623.73, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19.  See *Bailey v. Ohio Department of Rehabilitation and Correction*, 62 Ohio

Misc. 2d 19, 587 N.E. 2d 990 (Ct. of Cl. No. 1990).



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JANA LEE

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

Case No. 2012-08338-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $2,648.73, which includes the filing fee. Court costs are assessed against defendant.

                                     DANIEL R. BORCHERT
                                     Deputy Clerk

Entry cc:

Jana Lee
10881 Flintridge Road
Newark, Ohio 43055

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

DRB/laa

Filed 4/29/13
sent to S.C. Reporter 1/30/14